Zheng "Andy" Liu (CBN 279327)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Debtor Hao Zheng*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | **NOTICE OF REMOVAL** |
| HAO ZHENG, | |
| Debtor, | Adv. Case No:_____ |
| M.M., | Chapter 7 Case No. 2:26-bk-15344 |
| Plaintiff, | Los Angeles County Superior Court |
| v. | Case No.: 24STCV17698 |
| HAO ZHENG, | |
| Defendant. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES IN**

**INTEREST, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE under 28 U.S.C. section 1452(a) and Bankruptcy

Rule 9027(a) that Debtor/Defendant Hao Zheng hereby removes to this Court all

---

**NOTICE OF REMOVAL**

causes of action set forth in the action described below originally filed in the Superior Court of California, County of Los Angeles.

## I. GROUNDS FOR REMOVAL

1. On July 16, 2024, Plaintiff M.M. commenced an action in the Superior Court of California, County of Los Angeles, entitled M.M. v. Hao Zheng et al., case no. 24STCV17698 (the Los Angeles County Case).

2. The Los Angeles County Case action is subject to removal to this Court on at least two grounds.

### A. DIVERSITY JURISDICTION

3. First, the Los Angeles County Case is removable under 28 U.S.C. § 1332, because this Court has diversity jurisdiction.

4. Complete diversity exists between Plaintiff M.M. and Defendant Zheng. Plaintiff M.M. is a citizen of the United States and the State of California; and Defendant Zheng is a citizen of China.

5. Next, the amount in controversy is more than $1 million. Plaintiff M.M. has repeatedly demanded $1.8 million in his number settlement offers.

6. In sum,  this case is removal able based on diversity jurisdiction.

### B. BANKRUPTCY JURISDICTION

7. Second, the Los Angeles County Case is removable under 28 U.S.C. § 1332, because this Court has bankruptcy jurisdiction.

NOTICE OF REMOVAL

8.      Under at least 28 U.S.C. Section 1452(a), which provides that "[a] party may remove any claim or cause of action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Under 11 U.S.C. Section 1334, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11."

9.      In *Montana v. Goldin (In re Pegasus Gold Corp.)* (9th Cir. 2005) 394 F.3d 1189, the Ninth Circuit held as follows:

The bankruptcy court also has jurisdiction over a much broader set of cases: those proceedings that are "related to" a bankruptcy case. The Ninth Circuit has adopted the "*Pacor* test" for determining the scope of "related to" jurisdiction. *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988). Under this formulation, the test is whether:

*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

3

**NOTICE OF REMOVAL**

*Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis in original).

10.     In *Montana*, the Ninth Circuit held that bankruptcy court has broader subject matter jurisdiction before a Chapter 13 plan is confirmed, than post-confirmation. *Montana*, 394 F.3d at 1195 (stating that "Post-confirmation bankruptcy court jurisdiction is necessarily more limited than pre-confirmation jurisdiction.")

11.     Here, the removed causes of action—especially, Zheng's counterclaims against MM—are "related to" the Debtor/Defendant Hao Zheng's chapter 7 bankruptcy.

12.     Zheng having little assets, the outcome of Zheng's counterclaims against MM are disposed could negatively alter Debtor/Defendant Hao Zheng's rights, liabilities, options, or freedom of action and impacts upon the handling and administration of the bankrupt estate.

13.     Thus, the removed causes of action are "related to" the Debtor's chapter 7 bankruptcy.

14.     Debtor Hao Zheng consents to the entry of final orders and judgments by the bankruptcy court with respect to all claims and causes of action hereby removed.

15.     The following operative pleadings filed in the Los Angeles County Case are attached to this notice as Exhibits A-D:

    1)  M.M.'s Complaint; and

4

**NOTICE OF REMOVAL**

2) Zheng's answer to M.M.'s Complaint;

3) Zheng's counterclaims against M.M.

4) M.M.'s answer to Zheng's counterclaims.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial in the above-entitled matter.

Dated:  June 9, 2026                     Respectfully submitted,

By: _____
Zheng "Andy" Liu (SBN 279327)
1660 South Amphlett Blvd Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Debtor Hao Zheng*

**NOTICE OF REMOVAL**