Chase T. Tajima (SBN 304063)
*chase@tajimallp.com*
Patrick Y. Yoo (SBN 302282)
*patrick@tajimallp.com*
**TAJIMA LLP**
4605 Lankershim Blvd., Suite 540
Los Angeles, California 91602
Telephone: (323) 487-1101

Attorneys for Creditor/Movant
M.M. (also known as Matthew Mimiaga)

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| IN RE: | Case No. 2:26-bk-15344-NB<br>Case No. 2:26-ap-01138-NB |
| HAO ZHENG, | |
| Debtor. | **M.M.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | Date:          TBD[1]<br>Time:          TBD<br>Courtroom:          1545 |

---

[1] The date and time are TO BE DETERMINED. M.M. has filed, or will file, on the same date these papers are filed, an application for order setting hearing on shortened time. Pursuant to LBR 9075-1(b), notice of the hearing date and opposition date will be provided upon an order on the application for order setting hearing on shortened time.

Case No. 2:26-bk-15344-NB
Case No. 2:26-ap-01138-NB

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     RELEVANT BACKGROUND .............................................................................3

        A.      The Los Angeles Superior Court Lawsuit Against Debtor Hao Zeng............3

        B.      The State Court Has Already Managed This Case Through Significant
                Litigation Activity For Two Years...............................................................4

        C.      Debtor's Bankruptcy Filing After Being Unable to Continue Trial ...............4

        D.      Debtor Failed to Appear for Trial and Instead Removed the Entire
                State Court Action ......................................................................................6

III.    LEGAL STANDARD ...........................................................................................7

        A.      Relief from the Automatic Bankruptcy Stay is Available "For Cause" .........7

        B.      "Cause" Includes Lack of Good Faith in the Filing of the Bankruptcy
                Action .........................................................................................................8

        C.      "Cause" Includes the Involvement of Nondischargeable Claims in the
                Non-Bankruptcy Action ..............................................................................9

IV.     ARGUMENT.........................................................................................................9

        A.      The *Curtis* Factors, Including Trial Readiness and Judicial Economy,
                Support Stay Relief .....................................................................................9

        B.      The Requested Relief Protects the Estate Because It Is Limited to
                Liquidation ...............................................................................................10

        C.      Debtor's Bad-Faith Filings Provides Independent Cause for Stay
                Relief ........................................................................................................11

        D.      The State Court Action Includes Claims That May Be
                Nondischargeable Under § 523(a)(6)..........................................................11

        E.      Movant Will Be Prejudiced If The Stay Remains In Place Through
                Trial ..........................................................................................................12

        F.      The Court Should Waive The 14-Day Stay Under Rule 4001(A)(3) ...........12

V.      CONCLUSION....................................................................................................12

TAJIMA LLP
Los Angeles

# TABLE OF AUTHORITIES

## CASES

*In re Arnold,* 806 F.2d 937, 939 (9th Cir. 1986) ...................................................................8

*In re Can-Alta Props., Ltd*, 87 B.R. 89, 91 (B.A.P. 9th Cir. 1988) ......................................8

*In re Castlerock Props.*, 781 F.2d 159 ...............................................................................7

*In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)................................................7

*In re Kronemyer*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009)..........................................7, 8

*In re Roger,* 539 B.R. 539 B.R. 837, 851–52 (C.D. Cal. 2015) ........................................8

*In re Tucson Estates, Inc.*, 9112 F.2d 1162, 1162, 1168-69 (9th Cir. 1990)......................8

*Shorr v. Kind* (1991) 1 Cal.App.4th 249...............................................................................6

## STATUTES

11 U.S.C. § 362(d)(1).....................................................................................................7, 12

11 U.S.C. § 523(a)(6. .....................................................................................................9, 11

Rule 4001(A)(3) .................................................................................................................12

TAJIMA LLP
Los Angeles

MATTHEW MIMIAGA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF
FROM AUTOMATIC STAY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This bankruptcy action was filed not for any genuine bankruptcy purpose, but as a stall tactic to delay imminent judgment in a state court action ("State Court Action"). As a result of his abandonment for nearly a year of the State Court Action in which Debtor Hao Zheng is both defendant and cross-complainant, various adverse orders and rulings were issued against him. These adverse rulings include: (1) monetary sanctions; (2) adverse inference evidentiary sanctions allowing a factfinder to infer that Debtor spoliated evidence because the evidence stood to prejudice him; and (3) RFAs deemed admitted against him on all causes of action in the Complaint and Cross-Complaint. Then, less than a month before trial, various would-be counsel (who never filed a formal notice of appearance) began appearing at hearings or providing notice of efforts to continue trial on Debtor's behalf, but made no effort whatsoever to meet and confer over, or prepare and file, any trial filings.

When the continuance efforts ultimately failed, Debtor sought alternative methods to stall and delay imminent judgment on the Complaint and Cross-Complaint. Those alternative methods began with his filing of the instant chapter 7 bankruptcy action at 10:10 p.m. the night before the May 29, 2026 Final Status Conference in the State Court Action. Despite Debtor's attempt to delay and stay the entirety of the State Court Action, the state court proceeded to conduct the Final Status Conference as to the Cross-Complaint as that action was not affected by the automatic stay since it entailed claims brought by the Debtor, not against. At the Final Status Conference, the state court granted various motions in limine filed by Movant, which preclude Debtor from introducing any evidence or argument contrary to the deemed admitted RFAs, introducing any evidence or witnesses for failure to comply with trial court orders/failing to meet and confer, and precluding Debtor from introducing any witnesses not disclosed in discovery.

Then, on the first day of trial, Debtor served notice on Movant that he had removed the State Court Action to bankruptcy court. Debtor did not show up to trial.

Against this backdrop, it is evident that the bankruptcy petition and subsequent removal were filed in bad faith to stop the State Court Action from proceeding to trial and imminent judgment. Not only do the timing of Debtor's bankruptcy filings reek of dilatory intent, but the bad faith nature of the bankruptcy petition is further revealed in the logically inconsistent financial posture asserted. Specifically, Debtor claims to have estimated assets in the $1 to $10 million range, but estimated liabilities of only $0 to $50,000, yet seeks Chapter 7 protection. *See* ECF No. 1, p. 7 of 9.  Moreover, Debtor identified Movant M.M. (also known as Matthew Mimiaga) as the sole creditor (*see* ECF No. 10) and claims that despite the enormity of Debtor's multi-million dollar assets, no property appears available to pay creditors. *See* ECF No. 4, p.2 of 3. The magnitude of the delta between assets and liabilities supports the inference that the filing was designed principally to halt the imminent trial, not to address genuine financial distress.

Here, cause exists to modify and grant relief from the stay. The entire State Court Action is trial-ready. The case involves California law claims pending before the court that supervised discovery, deemed admissions, sanctions, trial filings, and trial readiness for two years. The issues have been substantially narrowed by deemed admissions and sanctions against Debtor. Allowing the state court to complete adjudication of both the Complaint and Cross-Complaint will promote judicial economy, avoid duplication, and will not prejudice the bankruptcy estate because Movant seeks only to allow the State Court Action to proceed through liquidation and judgment—not collection absent further bankruptcy-court authority.

This motion is being filed simultaneously with Movant's Motion to Remand the Complaint and Cross-Complaint actions back to state court, as well as an Application for Order Setting Hearing on Shortened Time. Along with those motions, Movant asks the Court to grant relief from the stay and to authorize the State Court to proceed on both the Complaint and Cross-Complaint to trial and judgment, with any collection or enforcement being subject to further order of this Court. The relief requested here is therefore designed to operate in tandem with remand: remand returns the removed action to the forum that

has managed it for two years, and stay relief confirms that the automatic stay will not prevent the State Court from completing adjudication of the entire action once remanded.

For these reasons, elaborated further below, Movant requests that the Court grant his Motion for Relief from Automatic Stay and allow the entirety of the State Court Action, upon remand, to proceed in the Los Angeles County Superior Court on both the Complaint and Cross-Complaint to trial, post-trial proceedings, and judgment, with any enforcement or collection remaining subject to this Bankruptcy Court's further order.

## II.    RELEVANT BACKGROUND

### A.    The Los Angeles Superior Court Lawsuit Against Debtor Hao Zeng

Movant is the plaintiff and cross-defendant, and Debtor Hao Zheng, a Chinese national, is the defendant and cross-complainant, in *M.M. v Hao Zheng, et al.*, Los Angeles Superior Case No. 24STCV17698, assigned to the Hon. Doreen Boxer in Department 311 [formerly 19]. Supplemental Declaration of Chase T. Tajima ("Tajima Suppl. Decl."), ¶2. The complaint was filed on July 16, 2024. Tajima Suppl. Decl., ¶2; *see also* ECF No. 17-1. Debtor Hao Zheng filed a cross-complaint on September 18, 2024. Tajima Suppl. Decl., ¶2; *see also* ECF No. 17-3. The Final Status Conference was set for May 29, 2026 at 9:30 a.m., and trial was set for June 9, 2026. Tajima Suppl. Decl., ¶3.

The Complaint arises from Debtor's hidden-camera invasion of privacy, retaliatory and unlawful self-help eviction, breach of the covenant of quiet enjoyment, trespass, conversion of personal property, conversion of a Range Rover, failure to compensate Movant for childcare services and expenses, unfair competition, negligence, and related claims. *See* ECF No. 17-1. The complaint alleges, among other things, that Movant and Debtor were in a romantic relationship, but when Movant, who was living in Debtor's Condo as a tenant, discovered a smart camera in an air-conditioning vent in Movant's bedroom and ended the relationship, Debtor retaliated by self-help evicting Movant from the condominium without notice or compliance with eviction laws, and stealing and disposing of Movant's personal property and vehicle. *See id.*

The Cross-Complaint is a retaliatory filing by Debtor who claims that Movant stole

TAJIMA LLP
Los Angeles

items of jewelry, withheld Debtor's son's passport, was unjustly enriched by his generosity, and inflicted emotional distress. *See* ECF No. 17-3.

**B.      The State Court Has Already Managed This Case Through Significant Litigation Activity For Two Years**

Since this action was initiated in 2024, the state court has managed this case for two years through significant litigation activity. Debtor's litigation misconduct in the State Court Action long precedes his bad-faith bankruptcy petition filing and removal. First, in October 2025, the state court imposed monetary sanctions on Debtor in the amount of $22,900 [which to date has still not been paid] and issued adverse evidentiary inference sanctions against him in connection with Debtor's spoliation and sale of the Condo where the spy camera had been discovered/was located, and where Movant's personal property was left after Debtor engaged in self-help to evict Movant. Tajima Suppl. Decl., ¶6. The Court expressly ordered that the factfinder would be permitted to infer that Debtor spoliated the Condo because the evidence therein stood to prejudice him. *Id.*

Second, beginning in or around August 2025, Debtor stopped communicating with his attorneys, the Green Firm, P.C., and effectively abandoned the litigation for almost a year. Debtor failed to take any formal litigation action after the Green Firm was relieved as counsel. Tajima Suppl. Decl., ¶7. During that period, Movant and Defendant Hollywood and Vine Residences Association (who is now dismissed from the action) both obtained deemed admissions on their respective Requests for Admission against Debtor for failure to participate in written discovery. Tajima Suppl. Decl., ¶8. Movant's Requests for Admission, in particular, had Debtor admit factual predicates and/or liability on every cause of action in the Complaint, and the falsity of the allegations in Debtor's cross-complaint. *See* Exh. A of Tajima Suppl. Decl., ¶8.

**C.      Debtor's Bankruptcy Filing After Being Unable to Continue Trial**

On May 4, 2026, the Court conducted the hearing on Defendant Hollywood and Vine Residences Association's own Motion to Deem RFAs Admitted as to Debtor. Tajima Suppl. Decl., ¶9. At the hearing, at Movant counsel's request, the Court set a

TAJIMA LLP
Los Angeles

MATTHEW MIMIAGA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

Status Conference for May 12, 2026 as to status of settlement between Movant and Defendant Hollywood and Vine Residences Association, and to discuss the logistics of how to proceed to trial against the absent Debtor. *Id*.

On May 12, 2026, an attorney Haixiao Li of Fang Chen Law appeared at the Status Conference, claiming to represent Debtor, and requested a trial continuance. Tajima Suppl. Decl., ¶10. The state court indicated that Attorney Li had not filed a formal notice of appearance, and denied the request. *Id*.

Over the next few days, Movant counsel called Attorney Li numerous times and sent various emails, inquiring when her firm would file a formal notice of appearance, and indicating that counsel needed to meet and confer over trial filings. On calls, Attorney Li did not address the meet and confer obligations, and reiterated only the need for a trial continuance, to which Movant's counsel refused to stipulate. Tajima Suppl. Decl., ¶11.

On or about May 18, 2026, Attorney Li represented for the first time that her office would not be representing Debtor after all, advising that Zheng "Andy" Liu would be taking over the representation. Tajima Suppl. Decl., ¶12. On or about May 18, 2026, Movant counsel called Attorney Liu, who indicated that he had just been provided the case over the weekend, inquired about a trial continuance stipulation [which Movant's counsel rejected] and represented would be in touch with his client and contact Movant counsel back to discuss. Tajima Suppl. Decl., ¶13. However, from May 19 to May 22, 2026, Attorney Liu ignored or failed to respond to the vast majority of over a dozen phone calls and numerous emails regarding representation and meet and confer obligations. Tajima Suppl. Decl., ¶14. Instead, at 9:57 a.m. on May 20, 2026, Attorney Liu, while still not having filed a formal notice of appearance, purported to give ex parte notice of an application to continue trial to be heard on May 21, 2026, and then later that day claimed a mistake in his notice and represented that he would re-serve notice the next day. Tajima Suppl. Decl., ¶15. He did not, and no ex parte papers were ever served or filed. Tajima Suppl. Decl., ¶¶15-17. <u>Twice in the past month, Debtor attempted to have counsel secure him a trial continuance, and twice, they were unsuccessful.</u>

TAJIMA LLP
Los Angeles

On May 21, 2026, after Debtor failed to meet and confer over any joint trial filings, Movant proceeded to file trial filings alone on his own behalf, and on May 22, 2026, lodged trial binders with the Court. (Tajima Suppl. Decl., ¶19.)

Even after the trial filings were filed on May 21, 2026 and trial binders were lodged on May 22, 2026, Movant counsel continued to try and reach Debtor counsel, who continued to ignore phone calls, voicemails, and emails. Tajima Suppl. Decl., ¶20.

On May 28, 2026, at 10:10 p.m., hours before the Final Status Conference, Debtor filed the bankruptcy petition in this Court, and then filed a Notice of Automatic Stay in the State Court Action. Tajima Suppl. Decl., ¶21. However, on May 29, 2026, the Court proceeded with the Final Status Conference as to Debtor's Cross-Complaint pursuant to *Shorr v. Kind* (1991) 1 Cal.App.4th 249, 254-255. Tajima Suppl. Decl., ¶22. At the Final Status Conference, the state court granted three of Movant's five motions in limine that pertained to the Cross-Complaint: (1) to exclude evidence and argument contrary to the deemed admitted RFAs; (2) to exclude Zheng's witnesses and evidence for failure to comply with trial preparation order/failure to meet and confer; (5) to exclude Zheng's witnesses not disclosed in discovery. Tajima Suppl. Decl., ¶22, Exh. E. Trial was set to proceed on the Cross-Complaint on June 9, 2026. *See id*.

**D.    Debtor Failed to Appear for Trial and Instead Removed the Entire State Court Action**

On June 9, 2026, Movant counsel appeared at the continued FSC and prepared to proceed with trial on the Cross-Complaint. Tajima Suppl. Decl., ¶23. Debtor did not appear for trial. Tajima Suppl. Decl., ¶24. Instead, at approximately 7:30 a.m. on June 9, 2026, Debtor filed a Notice of Removal in this Court, commencing an adversary proceeding and purporting to remove "all causes of action" in the Los Angeles County Superior Court action under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027. *See id*; *see also* ECF No. 17 *et seq*. Debtor's removal notice expressly identifies the removed action as *M.M. v. Hao Zheng, et al.*, Los Angeles County Superior Court Case No. 24STCV17698, and states that the operative pleadings removed include: (1) M.M.'s

Case No. 2:26-bk-15344-NB                                              6

TAJIMA LLP
Los Angeles

Complaint; (2) Zheng's answer to M.M.'s Complaint; (3) Zheng's cross-complaint against M.M.; and (4) M.M.'s answer to Zheng's counterclaims. Accordingly, Debtor removed the whole State Court Action, including the Complaint and Cross-Complaint, at the moment trial was to begin. A further status conference is set for June 23, 2026, to consider the rulings of this bankruptcy court as to the automatic stay and remand. Tajima Suppl. Decl., ¶25.

### III.   LEGAL STANDARD

**A.      Relief from the Automatic Bankruptcy Stay is Available "For Cause"**

Section 362(a) imposes an automatic stay upon the filing of a bankruptcy petition. The stay is broad, but it is not absolute. Under 11 U.S.C. § 362(d)(1), the Court shall grant relief from the stay "for cause.".

"Cause" is not defined by the Bankruptcy Code and is determined case by case. *See In re Castlerock Props.*, 781 F.2d 159, 163 (9th Cir. 1986) ["[b]ecuase there is no clear definition of what constitutes 'cause,' … relief from the stay must be determined on a case by case basis."].

Courts evaluating cause to allow pending litigation to proceed in another forum commonly apply the nonexclusive factors set forth in *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). The Ninth Circuit Bankruptcy Appellate Panel has approved those factors as "appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." *In re Kronemyer*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009).

The *Curtis* factors include, among others: whether relief will result in partial or complete resolution of the issues; whether the litigation has a connection with or would interfere with the bankruptcy case; whether the litigation in another forum would prejudice creditors or other parties in interest; the interests of judicial economy and the expeditious and economical determination of litigation for the parties; whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and the

impact of the stay and the balance of harms. *Curtis*, 40 B.R. at 799-800; *Kronemyer*, 405 B.R. at 921.

Courts in this Circuit also consider whether state-law issues predominate, the advanced stage of the nonbankruptcy litigation, and whether estate interests can be protected by allowing liquidation in another forum while reserving enforcement and collection to the bankruptcy court. *See In re Tucson Estates, Inc.*, 912 F.2d 1162, 1162, 1168-69 (9th Cir. 1990) (holding that that state litigation should proceed where "interests in judicial economy supported letting the state litigation continue," the state litigation "would not interfere with the bankruptcy proceedings but would in fact facilitate them by liquidating" claims, and the bankruptcy court could permit "completion of the state court litigation while reserving the judgment's enforcement to the bankruptcy court"; *In re Roger,* 539 B.R. 539 B.R. 837, 851–52 (C.D. Cal. 2015) (holding that, given the "advanced stage of the State Court Action," "judicial economy would be well served by permitting the State Court Action to reach resolution before addressing the bankruptcy issues," particularly where the state action involved "solely state law issues" and trial was approaching); *In re Kronemyer*, 405 B.R. 915, 921–22 (B.A.P. 9th Cir. 2009) (affirming stay relief where state-court proceedings were "ready for prompt determination," "judicial economy weigh[ed] in favor" of allowing the matter to proceed in state court, and the proceeding was "squarely within the expertise of the State Court").

**B.      "Cause" Includes Lack of Good Faith in the Filing of the Bankruptcy Action**

Further still, stay relief is warranted where the bankruptcy action is filed in bad faith. *See, e.g., In re Arnold,* 806 F.2d 937, 939 (9th Cir. 1986)("[t]he debtor's lack of good faith in filing a bankruptcy petition has often been used as cause for removing the automatic stay." Relevant considerations may include the timing of the filing, whether the filing was designed to forestall adverse state-court consequences, whether the debtor has few creditors, whether the debtor has a legitimate bankruptcy purpose, whether the debtor has made meaningful progress toward reorganization or administration, and whether the totality of circumstances shows an attempt to use bankruptcy as a litigation tactic rather

than for legitimate bankruptcy relief. *See In re Can-Alta Props., Ltd*, 87 B.R. 89, 91 (B.A.P. 9th Cir. 1988).

**C. "Cause" Includes the Involvement of Nondischargeable Claims in the Non-Bankruptcy Action**

Finally, not all claims are impacted by bankruptcy. Some claims are nondischargeable and thus no justification exists for staying those claims from proceeding. The Bankruptcy Code excepts certain categories of debts from discharge, including willful and malicious injury under 11 U.S.C. § 523(a)(6.) Under this provision, a Chapter 7 discharge does not eliminate a debt arising from a debtor's willful and malicious injury to another person or that person's property. For purposes of 11 U.S.C. § 523(a)(6), an injury is willful when the debtor either (1) acted with a subjective intent to cause injury [i.e., intentional tort], or (2) acted with knowledge that injury was substantially certain to result from the conduct.

Thus, the Complaint clearly involves intentional tortious conduct sufficient to meet the foregoing definition, including intentional invasion of privacy (installation of a spy camera), intentional deprivation of property/conversion, retaliatory self-help eviction, trespass, and intentional infliction of emotional distress. Given that Debtor is alleged to have engaged in this conduct in retaliation for Movant ending the romantic relationship between them, it is clear that Debtor intended to inflict injury by his actions.

**IV. ARGUMENT**

**A. The *Curtis* Factors, Including Trial Readiness and Judicial Economy, Support Stay Relief**

The State Court Action was trial-ready when Debtor filed this Chapter 7 case and removed the case. It was not in its early stages, not awaiting discovery, and not pending on preliminary pleadings. The Superior Court has already invested substantial judicial resources in bringing this case to trial. Judge Boxer and Department 311 have managed the case through discovery, deemed admissions, sanctions, trial filings, and trial preparation. The Superior Court is familiar with the pleadings, discovery history,

TAJIMA LLP
Los Angeles

MATTHEW MIMIAGA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

sanctions history, deemed admissions, and pretrial failures that shape how the case should proceed. *See* Exhibit 1 to Declaration of Chase T. Tajima. By the time Debtor filed bankruptcy, Movant had completed the work necessary to proceed to trial. Movant had prepared and filed trial materials, including trial briefing, witness lists, exhibit lists, verdict forms, jury instructions, and motions in limine. In fact, Movant showed up to the first day of trial, prepared to proceed.

That procedural posture strongly supports stay relief. Here, the automatic stay and removal interrupted the State Court Action at precisely that point. Requiring the parties to stop a trial-ready Superior Court action would waste the substantial trial preparation already completed and disrupt a case that was ready for adjudication.

Moreover, if the stay remains in place, this Court, the Chapter 7 trustee, and the parties would be forced to reconstruct a state-court record that the Superior Court already knows. That would not serve bankruptcy efficiency. It would duplicate work, increase expense, and delay liquidation of Movant's claim. Allowing the State Court to proceed will also assist this bankruptcy case by clarifying whether Movant has a claim, the amount of that claim, and the nature of the liability. By contrast, keeping the stay in place would leave Movant's claim unliquidated.

**B.    The Requested Relief Protects the Estate Because It Is Limited to Liquidation**

The requested relief is narrow and preserves this Court's control over the bankruptcy estate. Movant does not seek permission to collect from Debtor, garnish wages, levy property, execute on assets, or otherwise enforce a judgment. Movant seeks only to proceed through trial, post-trial proceedings, and entry of judgment to liquidate the amount and nature of Movant's claims.

That limitation is critical. It means stay relief will not disrupt estate administration or prejudice other creditors (there are no other disclosed creditors). The estate remains protected because enforcement and collection will remain subject to further order of this Court or other applicable bankruptcy authority.

TAJIMA LLP
Los Angeles

MATTHEW MIMIAGA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF
FROM AUTOMATIC STAY

**C.**     **Debtor's Bad-Faith Filings Provides Independent Cause for Stay Relief**

Stay relief is also warranted because Debtor filed bankruptcy filings in bad faith to derail the State Court Action. Twice, Debtor filed bankruptcy filings to obstruct and stall the State Court Action only hours before Final Status Conference and trial. That timing alone is highly indicative of an intent to inflict maximum cost, expense, and disruption on Movant and the Superior Court. Debtor could easily have given prior notice of the bankruptcy filings to allow Movant to avoid the trial preparation work. Instead, Debtor petitioned and removed to bankruptcy court for improper motives.

Debtor's own petition further supports that the filing was tactical. Debtor estimates assets of $1,000,001 to $10 million and liabilities of only $0 to $50,000, yet filed Chapter 7 at the last possible moment before trial, identifies Movant as the sole creditor, and declares that no property appears available to satisfy creditors. His initial docket also reflects only a small number of commencement filings and does not include schedules of assets and liabilities or a statement of financial affairs.

**D.**     **The State Court Action Includes Claims That May Be Nondischargeable Under § 523(a)(6)**

Stay relief is further supported because the State Court Action includes intentional tort and willful-injury claims that may be nondischargeable under 11 U.S.C. § 523(a)(6). Movant does not ask this Court to determine dischargeability now. But the nature of the claims matters because liquidation in the Superior Court will fix the factual basis, liability, and damages that may later inform any dischargeability analysis.

The Complaint alleges intentional misconduct, including invasion of privacy through installation of a spy camera, intentional deprivation of property and conversion, retaliatory self-help eviction, trespass, and intentional infliction of emotional distress. The Complaint also seeks punitive damages based on conduct alleged to be oppressive, fraudulent, or malicious. These are not ordinary negligence claims. They are intentional tort and willful-injury theories that may fall within § 523(a)(6) if the trier of fact finds that Debtor intended injury or knew injury was substantially certain to result.

MATTHEW MIMIAGA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

That is another reason the State Court Action should be permitted to proceed. The Superior Court can determine what Debtor did, whether that conduct caused injury, whether punitive damages are warranted, and the amount of any resulting liability. This Court can later decide the bankruptcy consequences of that judgment, including dischargeability if properly raised. Allowing liquidation now promotes efficiency and preserves this Court's authority over discharge issues.

**E.    Movant Will Be Prejudiced If The Stay Remains In Place Through Trial**

The balance of harms favors stay relief. Movant faces immediate and concrete prejudice if the stay remains in place. If the stay remains in place, Movant loses the benefit of a trial-ready posture, completed trial preparation, and the Superior Court's ongoing trial-management process.

The prejudice is especially acute because the State Court has already ruled that Debtor's ability to present evidence on the Cross-Complaint is restricted. Stay relief will allow the Superior Court to complete the evidentiary rulings and proceed to trial, which is expected to be about two days.

**F.    The Court Should Waive The 14-Day Stay Under Rule 4001(A)(3)**

The Court should order that relief is effective immediately upon entry. Rule 4001(a)(3)'s 14-day delay would reward the very tactical delay that necessitates this motion. Debtor invoked bankruptcy delay tactics just before the case was set to proceed to trial after failing to meet and confer, ignoring calls, refusing trial preparation, and failing to prosecute a proper continuance request. Waiting another 14 days would further disrupt the trial schedule and compound prejudice to Movant.

### V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant limited relief from the automatic stay under 11 U.S.C. § 362(d)(1) to permit *M.M. v. Hao Zheng*, et al., Los Angeles County Superior Court Case No. 24STCV17698, in its entirety (including the Complaint and Cross-Complaint) to proceed through trial and entry of judgment, with enforcement and collection against Zheng, the estate, or estate property

reserved absent further order of this Court or as otherwise permitted by applicable bankruptcy law.


Date: June 10, 2026                              TAJIMA, LLP


_____

Chase T. Tajima
Attorneys for Movant M.M. (also known as
Matthew Mimiaga)

TAJIMA LLP
Los Angeles

MATTHEW MIMIAGA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF
FROM AUTOMATIC STAY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 4605 LANKERSHIM BLVD., SUITE 540, LOS ANGELES, CA 91602

A true and correct copy of the foregoing document entitled (*specify*): _____
M.M.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM
AUTOMATIC STAY
_____
will be served or was served ~~(a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and~~ **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/10/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

 Andy.Liu@AptumLaw.us , 4662851420@filings.docketbird.com , bjliuzheng@recap.email , hkoscarlam@gmail.com
 sleslie@trusteeleslie.com , trustee@trusteeleslie.com , C195@ecfcbis.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/10/2026 | Chase T. Tajima | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**