# EXHIBIT A

Chase T. Tajima (SBN 304063)
*chase@trepaniertajima.com*
Patrick Y. Yoo (SBN 302282)
*patrick@trepaniertajima.com*
TRÉPANIER TAJIMA LLP
4605 Lankershim Blvd., Suite 540
Los Angeles, California 91602
Telephone: (323) 487-1101

Attorneys for Plaintiff and Cross-Defendant
M.M.

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| M.M., an individual, | Case No. 24STCV17698 |
| Plaintiff, | |
| v. | **PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT HAO ZHENG (SET ONE)** |
| HAO ZHENG, an individual; HOLLYWOOD AND VINE RESIDENCES ASSOCIATION; and DOES 1-30, | Dept.: 19<br>Judge: Hon. Stephanie M. Bowick |
| Defendants. | Complaint Filed: October 8, 2025<br>Cross-Complaint Filed: Sept. 18, 2024<br>Trial Date: June 9, 2026 |
| HAO ZHENG, | |
| Cross-Complainant, | |
| v. | |
| M.M.; and ROES 1-50, | |
| Cross-Defendants. | |

PROPOUNDING PARTY:    Plaintiff and Cross-Defendant M.M.

RESPONDING PARTY:    Defendant and Cross-Complainant HAO ZHENG

SET NO.:    One

TRÉPANIER
TAJIMA LLP
LOS ANGELES

Case No. 24STCV17698    1

PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT HAO ZHENG (SET ONE)

Plaintiff M.M., pursuant to California Code of Civil Procedure §§ 2033.010, et. seq., requests that Defendant HAO ZHENG answer the following requests for admissions, under oath, within thirty (30) days from the date of service, plus any time allowed for method of service of the Requests (e.g., electronic service, mail, etc.)

## REQUESTS FOR ADMISSIONS

### BACKGROUND AND RESIDENCY/TENANCY

### REQUEST NO. 1:

Admit that in early 2023, YOU agreed to purchase UNIT 4K of the W RESIDENCES (the "CONDO") for M.M. to live in, while providing childcare for YOUR son.

(*As used throughout these Requests, "YOU," "YOUR", or "ZHENG" shall refer to Defendant and Cross-Complainant HAO ZHENG and his present and former attorneys, agents and employees and persons under the ZHENG'S control; "PLAINTIFF" or "M.M." refers to Plaintiff and Cross-Defendant M.M., his present and former attorneys, agents and employees, and PERSONS under his control; "W RESIDENCES" refers to 6250 Hollywood Boulevard, Hollywood, California 90028. "ASSOCIATION" refers to Defendant HOLLYWOOD AND VINE RESIDENCES, their present and former attorneys, agents and employees, and PERSONS under their control. "CONDO" refers to Unit 4K in the W RESIDENCES; "DOCUMENT" or "DOCUMENTS" means a writing as defined in the California Evidence Code § 250 and includes the original or copy of handwriting, typewriting, printing, photostatic, photographic and every other means of recording upon any changeable thing in for of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of them.  In addition to any items specifically requested herein, DOCUMENTS means all manner of written, reproduced or recorded matter (either in writing, mechanically, photographically or electronically) which includes but is not limited to all photographs, letter, notes, correspondence, files, books, memoranda, contracts, agreements, orders, invoices, billing, appraisals, statements of indebtedness, agenda, transcripts, telegrams, electronic mail, facsimile messages, summaries, diaries, calendars, notebooks, charts, plans, drawings, computer printouts, meeting minutes or other records of meetings or conferences, lists, drafts, notations, financial records and ledgers.  To the extent that a DOCUMENT*

*differs from the original or other copies of the DOCUMENT by reason of notations, comments, deletions, markings or other differences, the DOCUMENT shall be deemed a separate DOCUMENT; "PERSON" or "PERSONS" means a natural person, firm, association, organization, partnership, business, trust, corporation or public entity; "COMMUNICATION" or "COMMUNICATIONS" means every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange itself, of information whether orally or by document or whether in person, by telephone, mail or otherwise; "RELATING TO" means concerning, regarding, supporting, mentioning, referencing, evidencing, or referring, alluding or pertaining to, or touching upon in any way, the matter or contention at issue in the request*.)

**REQUEST NO. 2:**

Admit that initially, M.M.'s name was on all CONDO purchase paperwork as a co-owner along with YOU, but eventually removed before the purchase was finalized.

**REQUEST NO. 3:**

Admit that YOU physically and mentally abused YOUR son.

**REQUEST NO. 4:**

Admit that because of YOUR abuse of YOUR son, YOU agreed to seek treatment.

**REQUEST NO. 5:**

Admit that YOU agreed M.M. would reside in the CONDO as YOUR tenant, without monetary rental, condo association, or utility payments owed.

**REQUEST NO. 6:**

Admit that M.M. moved into, and was a resident and tenant of, the CONDO, on or around May 9, 2023.

**REQUEST NO. 7:**

Admit that YOU knew that M.M. was provided by the W RESIDENCES various documents and tangible things given to residents alone, including a resident fob (granting access to the main building, use of the elevators, and access to the rooftop pool and gym facilities), a mailbox key, and access card to the W RESIDENCES garage, with a parking decal.

**REQUEST NO. 8:**

Admit that YOU knew that the W RESIDENCES facilitated valet service for M.M.'s Range Rover, allowed M.M.'s friends and family members up to his unit, received M.M.'s packages and mail, communicated with M.M. about W RESIDENCES events and news, and invited M.M. to resident-only events, and resident-only privileges, such as complimentary day passes to the Equinox gym.

**INVASION OF PRIVACY – SPY CAMERA**

**REQUEST NO. 9:**

Admit that YOU knew M.M. slept in the master or primary bedroom of the CONDO, while YOUR son slept in the second bedroom.

**REQUEST NO. 10:**

Admit that YOU had installed a functioning, hidden smart-camera behind the air conditioning vent of the master or primary bedroom of the CONDO.

**REQUEST NO. 11:**

Admit that the smart-camera was connected to the internet, had 360 degree coverage, with motion detection, and with capabilities to livestream video and voice, as well as record and store videos (either on some type of hardware like an SD card or in cloud storage).

**REQUEST NO. 12:**

Admit that YOU installed the camera without M.M.'s knowledge or consent.

**REQUEST NO. 13:**

Admit that YOU recorded M.M. without M.M.'s knowledge or consent.

**REQUEST NO. 14:**

Admit that YOU intended to invade M.M.'s privacy and spy on his private moments.

**REQUEST NO. 15:**

Admit that as a result of the discovery of YOUR invasion of his privacy with the smart-camera, M.M. ended his romantic relationship with YOU.

**REQUEST NO. 16:**

Admit that YOU are liable to M.M. on his third cause of action for Breach of the Covenant of

Quiet Enjoyment because of YOUR invasion of his privacy with the smart-camera.

**REQUEST NO. 17:**

Admit that YOU are liable to M.M. on his seventh cause of action for Invasion of Privacy.

**REQUEST NO. 18:**

Admit that YOUR installation of a smart-camera and recording of M.M. was conduct so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, such that it should not to be tolerated in a civilized society.

**REQUEST NO. 19:**

Admit that YOU are liable to M.M. on his eighth cause of action for Intentional Infliction of Emotional Distress due to invading his privacy with the smart-camera.

**REQUEST NO. 20:**

Admit that YOU are liable to M.M. on his fourteenth cause of action for unfair competition because as landlord, YOUR invasion of YOUR tenant's right of privacy is an unlawful, unfair and/or fraudulent business practice.

**EVICTION**

**REQUEST NO. 21:**

Admit that on or around February 15, 2024, YOU were advised by police who arrived at the W Residences that YOU could not lock M.M. out of the CONDO without proper notice or compliance with eviction laws, as self-help evictions are not permitted in California.

**REQUEST NO. 22:**

Admit that in 2024, while M.M. was away on a business trip, without proper notice or compliance with eviction laws, YOU had the locks changed on the front door of the CONDO to ensure M.M. was locked out.

**REQUEST NO. 23:**

Admit that without proper notice or compliance with eviction laws, YOU had the W RESIDENCES deny M.M. access to the CONDO, turn off M.M.'s electronic fob access to enter the building, or access the elevators or common areas.

TRÉPANIER
TAJIMA LLP
LOS ANGELES

Case No. 24STCV17698                                               5

PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT HAO ZHENG (SET ONE)

**REQUEST NO. 24:**

Admit that YOU conspired with W Residences to try and erase record of M.M. as ever having been a tenant or resident.

**REQUEST NO. 25:**

Admit that YOU are liable to M.M. on his first cause of action for retaliatory eviction of M.M.

**REQUEST NO. 26:**

Admit that YOU are liable to M.M. on his second cause of action for unlawful self-help eviction of M.M.

**REQUEST NO. 27:**

Admit that YOU are liable to M.M. on his third cause of action for breach of the covenant of quiet enjoyment due to denying him access the CONDO without notice or compliance with eviction laws.

**REQUEST NO. 28:**

Admit that YOUR eviction of M.M. was conduct so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, such that it should not to be tolerated in a civilized society.

**REQUEST NO. 29:**

Admit that YOU are liable to M.M. on his eighth cause of action for intentional infliction of emotional distress due to denying him access to the CONDO without notice or compliance with eviction laws.

**REQUEST NO. 30:**

Admit that YOU are liable to M.M. on his fourteenth cause of action for unfair competition due to denying him access to the CONDO without notice or compliance with eviction laws.

**REQUEST NO. 31:**

Admit that YOU are liable to M.M. on his fifteenth cause of action for negligence due to breaching a duty of care to M.M. in denying him access to the CONDO without notice or compliance with eviction laws.

**PERSONAL PROPERTY**

**REQUEST NO. 32:**

Admit that at the time that YOU locked M.M. out of the CONDO, M.M. had $20,000 worth of personal property in the Condo.

**REQUEST NO. 33:**

Admit that YOU (or someone or some persons on YOUR behalf), without consent or notice, entered the CONDO to seize M.M.'s personal property and belongings.

**REQUEST NO. 34:**

Admit that YOU disposed of, or caused the disposal of, all of M.M.'s personal property left at the CONDO when YOU locked him out.

**REQUEST NO. 35:**

Admit that YOU are liable to M.M. on his third cause of action for breach of covenant of quiet enjoyment due to having converted, spoliated and disposed of M.M.'s personal belongings left at the CONDO upon him being locked out.

**REQUEST NO. 36:**

Admit that YOU are liable to M.M. on his fourth cause of action for trespass into the CONDO to seize M.M.'s personal belongings and lock him out of the CONDO.

**REQUEST NO. 37:**

Admit that YOU are liable to M.M. on his fifth cause of action for conversion of personal property in the CONDO.

**REQUEST NO. 38:**

Admit that YOUR conversion of M.M.'s personal property was conduct so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, such that it should not to be tolerated in a civilized society.

**REQUEST NO. 39:**

Admit that YOU are liable to M.M. on his eight cause of action for intentional infliction of emotional distress due to YOUR conversion of M.M.'s personal property.

**REQUEST NO. 40:**

Admit that YOU are liable to M.M. on his ninth cause of action for claim and delivery of M.M.'s personal property.

**REQUEST NO. 41:**

Admit that YOU are liable to M.M. on his fourteenth cause of action for unfair competition because YOUR trespass and conversion of M.M.'s personal property constitutes unlawful, unfair and/or fraudulent business practices.

**REQUEST NO. 42:**

Admit that YOU are liable to M.M. on his fifteenth cause of action for negligence because after locking him out of the CONDO, YOU owed a duty not to dispose of M.M.'s personal property, which duty YOU breached.

**RANGE ROVER**

**REQUEST NO. 43:**

Admit that in or around August 26, 2023, YOU purchased a 2020 Land Rover Range Rover (VIN SALGS4RY3LA589657) for M.M.'s use, with title in both YOUR and M.M.'s name together.

**REQUEST NO. 44:**

Admit that in text messages with M.M., YOU told M.M. that YOU purchased the Range Rover for M.M., that it was M.M.'s car, and that M.M. did not need to purchase another car because the Range Rover was for him.

**REQUEST NO. 45**:

Admit that when M.M. ended the romantic relationship with YOU, YOU informed M.M. that he could keep the Range Rover.

**REQUEST NO. 46:**

Admit that in the first half of 2024, YOU removed M.M.'s name from title on the Range Rover without his knowledge or consent.

**REQUEST NO. 47:**

Admit that YOU removed M.M.'s name from title on the Range Rover by fraudulently informing

the DMV that M.M. was a "family member (spouse, domestic partner, parent[s], son/daughter, grandparents, grandchildren)" when he was not.

**REQUEST NO. 48:**

Admit that YOU removed M.M. from title on the Range Rover without his knowledge or consent.

**REQUEST NO. 49:**

Admit that the Range Rover had a fair market value of $62,000.

**REQUEST NO. 50:**

Admit that as a result of YOUR conversion of the Range Rover, M.M. has had to incur rental car costs in the amount of approximately $2,200.00.

**REQUEST NO. 51:**

Admit that as a result of YOUR conversion of the Range Rover, M.M. had to purchase a replacement vehicle in the amount of approximately $80,000.

**REQUEST NO. 52:**

Admit that YOU are liable to M.M. on his sixth cause of action for Conversion re Range Rover.

**REQUEST NO. 53:**

Admit that YOUR conversion and disposal of the Range Rover so as to deprive M.M. of its use was conduct so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, such that it should not to be tolerated in a civilized society.

**REQUEST NO. 54:**

Admit that YOU are liable to M.M. on his eight cause of action for intentional infliction of emotional distress due to having converted his Range Rover.

**REQUEST NO. 55:**

Admit that YOU are liable to M.M. on his eleventh cause of action for Promissory Estoppel re Range Rover because YOU promised and represented to M.M. that YOU were purchasing the Range Rover for him, but then converted it without his knowledge or consent.

**REQUEST NO. 56:**

Admit that YOU are liable to M.M. on his fourteenth cause of action for unfair competition because as landlord, YOUR trespass and conversion of M.M.'s personal property, including the Range

Rover, constitutes unlawful, unfair and/or fraudulent business practices.

**CHILDCARE**

**REQUEST NO. 57:**

Admit that for approximately 16 months, from even before moving in on May 9, 2023 to mid-February 2024, M.M. provided around the clock childcare for YOUR son for which he was never compensated, including feeding him, taking him to/from school, taking him to/from and buying supplies necessary for extracurricular activities, buying him clothing, and paying for his medical, dental, and vision insurance.

**REQUEST NO. 58:**

Admit that YOU agreed to compensate and reimburse M.M. for reasonable and necessary time and expenses incurred in the care of YOUR son.

**REQUEST NO. 59:**

Admit that YOU are liable to M.M. on his tenth cause of action for Breach of Contract re Childcare.

**REQUEST NO. 60:**

Admit that YOU are liable to M.M. on his eleventh cause of action for Promissory Estoppel for failing to compensate M.M. for his care of YOUR son as agreed.

**REQUEST NO. 61:**

Admit that YOU are liable to M.M. on his twelfth cause of action for Quantum Meruit because YOU received the benefit of M.M.'s care of YOUR son without compensating or reimbursing M.M.

**REQUEST NO. 62:**

Admit that YOU are liable to M.M. on his thirteenth cause of action for Common Count: Good and Services Rendered, for his care of YOUR son.

**REQUEST NO. 63:**

Admit that YOU are liable to M.M. on his fourteenth cause of action for Unfair Competition as a result of YOUR receipt of M.M.'s care of YOUR son without compensation or reimbursement.

TRÉPANIER
TAJIMA LLP
LOS ANGELES

Case No. 24STCV17698        10

PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT HAO ZHENG (SET ONE)

**REQUEST NO. 64:**

Admit that M.M.'s reasonable market value for his childcare services and costs incurred total $662,226 [childcare wages], $18,840 [food for son], $6,728.57 [clothing/incidentals for son], $3,364.28 [entertainment for son] $4,000 [travel for son], and $2,240 [health insurance for son].

**CROSS-COMPLAINT**

**REQUEST NO. 65:**

Admit that M.M. did not convert jewelry belonging to YOU.

**REQUEST NO. 66:**

Admit that M.M. did not wrongfully withhold YOUR child's passport.

**REQUEST NO. 67:**

Admit that at no time whatsoever were YOU ever "forced to leave" YOUR child with M.M.

**REQUEST NO. 68:**

Admit that YOU suffered no mental anguish, fear, shock, or other emotional distress as a result of any conduct by M.M.

**REQUEST NO. 69:**

Admit that YOU suffered no physical distress as a result of any conduct by M.M.

**MISCELLANEOUS**

**REQUEST NO. 70:**

Admit that YOUR conduct toward M.M. was oppressive, fraudulent, and malicious within the meaning of Civil Code Section 3294.

**REQUEST NO. 71:**

Admit that YOUR conduct warrants punitive damages under Civil Code Section 3294.

**REQUEST NO. 72:**

Admit that YOU are liable for attorneys' fees.

TRÉPANIER
TAJIMA LLP
LOS ANGELES

Case No. 24STCV17698                                11

PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT HAO ZHENG (SET ONE)

**REQUEST NO. 73:**

Admit that YOUR conduct caused M.M. emotional distress damages in the amount of $1 million.

Dated:  November 10, 2025

TRÉPANIER TAJIMA LLP

Patrick Y. Yoo

Attorneys for Plaintiff and Cross-Defendant
M.M.

Case No. 24STCV17698    12

PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT HAO ZHENG (SET ONE)

## **DECLARATION FOR ADDITIONAL DISCOVERY**

I, Patrick Y. Yoo, declare:

1. I am an attorney for Plaintiff and Cross-Defendant M.M.

2. I am propounding to Defendant and Cross-Complainant Hao Zheng the attached set of requests for admission.

3. This set of requests for admission will cause the total number of requests propounded to the party to whom they are directed to exceed the number of requests permitted by Section 2033.030 of the Code of Civil Procedure.

4. M.M. has previously propounded a total of 0 requests for admission to this party.

5. This set of requests for admission contains a total of 73 requests.

6. I am familiar with the issues and the previous discovery conducted by all of the parties in this case.

7. I have personally examined each of the requests in this set of requests for admission.

8. This number of requests for admission is warranted under Section 2033.040 of the Code of Civil Procedure because of the number of the causes of action set forth in the Complaint and Cross-Complaint, the discovery issues in this lawsuit, and the potential future inability to obtain discovery by deposition.

9. None of the requests in this set of requests is being propounded for any improper purpose, such as to harass the party, or the attorney for the party, to whom it is directed, or to cause unnecessary delay or needless increase in the cost of litigation.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct, and that this declaration was executed at La Mirada, California on November 10, 2025.

_____
Patrick Y. Yoo
Attorneys for Plaintiff and Cross-Defendant M.M.

TRÉPANIER
TAJIMA LLP
Los Angeles

Case No. 24STCV17698                                  2
DECLARATION FOR ADDITIONAL DISCOVERY

## PROOF OF SERVICE

I am over the age of 18 and not a party to the within action. My business address is 4605 Lankershim Blvd., Suite 540, Los Angeles, California 91602.

*M.M. v. Hao Zheng, Hollywood and Vine Residences Association*
*Superior Court of California, Los Angeles County*

On November 10, 2025, I served the following document (s) described as:

**PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT HAO ZHENG (SET ONE);**

**PLAINTIFF'S FORM INTERROGATORIES TO DEFENDANT HAO ZHENG (SET TWO).**

By serving a true copy of the above-described document(s) to:

| | | |
|---|---|---|
| Noah Green<br>Andrew Maurer<br>**The Green Firm, P.C.**<br>301 E. Colorado Blvd.,<br>Suite 708<br>Pasadena, CA 91101<br>626-395-7686<br>andrew@gspattorneys.com<br>noah@gspattorneys.com<br>Dana Johnson - Paralegal<br>dana@gspattorneys.com<br>Marshall Amaya - Paralegal<br>marshall@gspattorneys.com | Jeff C. Hsu, Esq.<br>Natalie Z. Fournier, Esq.<br>**Murphy, Pearson, Bradley**<br>**& Feeney, P.C.**<br>550 S. Hope St, Suite 2170<br>Los Angeles, CA 90071<br>213-327-3500<br>JHsu@MPBF.com<br>nfournier@mpbf.com<br>Princess McKinley-Legal Assistant<br>pmckinley@mpbf.com | Kim Schumann<br>Michelle L. Arevalo<br>**Schumann Arevalo LLP**<br>30 Corporate Park, Suite 100<br>Irvine, CA 92606<br>714-850-0210<br>schumann@scarlaw.us<br>ml.arevalo@scarlaw.us<br>Rachel DeSantis-Legal Assistant<br>desantis@scarlaw.us |
| Attorney for Defendant<br>HAO ZHENG | Attorneys for Defendant<br>HOLLYWOOD<br>AND VINE RESIDENCES ASSN | Attorneys for Defendant<br>HOLLYWOOD<br>AND VINE RESIDENCES ASSN |

Document(s) were served in the following manner:

☐    by depositing same in a sealed envelope in a U.S. Postal Service mailbox.

☐    by depositing same in a sealed envelope in a U.S. Postal Service mailbox maintained at the office complex of Trépanier Tajima LLP.

☐    by depositing same in a sealed envelope in a U.S. Postal Service mailbox at my residence.

☐    by handing same to a messenger courier service or registered process server for delivery by hand in accordance with the instructions provided to the messenger, courier service or registered process server on that same day.

TRÉPANIER
TAJIMA LLP
Los Angeles

Case No. 24STCV17698

1

PROOF OF SERVICE

☒      by emailing same to the addressee(s) listed above pursuant to the Code of Civil Procedure sections 1016.6(e), 1013(g) and/or California Rules of Court, Rule 2.251(c)(3).

☐      by depositing same in a sealed envelope and delivering it to an overnight delivery service with instructions to deliver to the addressee(s) above.

I declare that I am employed in the office of a member of the Bar of the State of California at whose direction this service was made and declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed on November 10, 2025, at Los Angeles, California.

_____

Rosy Barboza

TRÉPANIER
TAJIMA LLP
Los Angeles

Case No. 24STCV17698                                                              2

PROOF OF SERVICE