# EXHIBIT E

Chase T. Tajima (SBN 304063)
*chase@tajimallp.com*
Patrick Y. Yoo (SBN 302282)
*patrick@tajimallp.com*
**TAJIMA LLP**
4605 Lankershim Blvd., Suite 540
Los Angeles, California 91602
Telephone: (323) 487-1101

Attorneys for Plaintiff and Cross-Defendant
M.M.

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/01/2026 3:52 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Mayorga, Deputy Clerk

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| M.M., an individual, | Case No. 24STCV17698 |
| Plaintiff, | [Assigned to Hon. Doreen Boxer, Dept. 311, for All Purposes] |
| v. | |
| HAO ZHENG, an individual; HOLLYWOOD AND VINE RESIDENCES ASSOCIATION; and DOES 1-30, | **NOTICE OF RULINGS AT FINAL STATUS CONFERENCE, INCLUDING MOTIONS IN LIMINE** |
| Defendants. | Complaint Filed: July 16, 2024<br>Cross-Complaint Filed: September 18, 2024<br>Trial Date: June 9, 2026 |
| HAO ZHENG, | |
| Cross-Complainant, | |
| v. | |
| M.M.; and ROES 1-50, | |
| Cross-Defendants. | |

TAJIMA LLP
LOS ANGELES

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 29, 2026, the Final Status Conference ("FSC") came on for hearing in Department 311 of the above-entitled court before the Hon. Doreen Boxer. Chase T. Tajima and Partick Y. Yoo appeared on behalf of Cross-Defendant M.M. No one appeared on behalf of Cross-Complainant Hao Zheng and Mr. Zheng did not appear. A transcript of proceedings was taken by Kristine Hicks, CSR No. 13634.

At the FSC, the Court made the following findings and/or rulings:

**1. Bankruptcy Stay and Remaining Scope of Proceedings.** M.M. counsel advised the Court that Hao Zheng filed a bankruptcy petition in the late hours of the evening of May 28, 2026. After hearing argument from M.M. counsel, the Court indicated that the automatic stay did not stay Hao Zheng's Cross-Complaint against M.M. as it was not a claim "against the debtor," but one brought affirmatively by the debtor. (*See, e.g., Shorr v. Kind* (1991) 1 Cal.App.4th 249, 254-255 [the automatic stay provision is inapplicable to an action brought by the debtor].) The Court stated, in substance, that the case and trial could proceed as to the Cross-Complaint, while recognizing that the Complaint against Defendant Hao Zheng was subject to the bankruptcy stay unless and until relief from stay or other bankruptcy-court action permitted those claims to proceed. Accordingly, the Court indicated that it would proceed on the trial of the Cross-Complaint as scheduled on June 9, 2026.

**2. M.M.'s Motion for Partial Directed Verdict**. M.M. requested that the Court strike and/or dismiss the Cross-Complaint or otherwise grant dispositive relief based on Cross-Complainant Hao Zheng's failure to appear, failure to participate in trial preparation, failure to submit trial materials, and the absence of evidence supporting the Cross-Complaint. The Court declined to adjudicate the Motion for Directed Verdict or other dispositive trial motion at the FSC. The Court stated, in substance, that such relief must be addressed at trial, after at least opening statements, and that the issue was not being decided on the merits at the FSC. The Court further noted that other trial motions may be made at trial.

**3. Possible Dismissal for Failure to Appear at Trial**. The Court discussed the possibility that, if a party [such as Hao Zheng] fails to appear at trial, the Cross-Complaint may be subject to dismissal under Code of Civil Procedure section 581. The Court stated that it was not making a ruling at the FSC and that any such issue would have to be addressed at trial.

**4. June 9, 2026 Trial Date for the Cross Complaint**. The Court confirmed the June 9, 2026 date remains the trial date on the Cross-Complaint. The Court indicated that no jury would be called in advance for that morning and that the Court would assess the posture of the case on June 9, 2026 before ordering a jury.

**5. Rulings on M.M.'s Motions in Limine**. The Court heard argument and issued the following rulings on M.M.'s Motions in Limine [as applicable to the Cross-Complaint only]:

(1) Motion in Limine No. 1 to Exclude All Evidence and Argument Contrary to the Deemed Admissions is **GRANTED [as applicable to the Cross-Complaint only; otherwise reserved for ruling as applicable to the Complaint]**. The Court noted that the motion was unopposed and that good cause existed for the ruling.

(2) Motion in Limine No. 2 to Exclude Hao Zheng's Witnesses and Evidence for Failure to Comply with the Court's Orders/Meet and Confer is **GRANTED [as applicable to the Cross-Complaint only; otherwise reserved for ruling as applicable to the Complaint]**.

(3) Motion in Limine No. 3 to Exclude Evidence and Argument that Compensatory Damages [in the Complaint] Should be Less than What Was Admitted is **RESERVED** for when the Motion will be heard as applicable to the Complaint.

(4) Motion in Limine No. 4 to Exclude Evidence and Argument that Punitive Damages [in the Complaint] Are Not Warranted is **RESERVED** for when the Motion will be heard as applicable to the Complaint.

(5) Motion in Limine No. 5 to Exclude Any Witnesses by Zheng Not Disclosed in Discovery is **GRANTED [as applicable to the Cross-Complaint only; otherwise reserved for ruling as applicable to the Complaint]**.

To be clear, the Court **RESERVED** rulings on all motions in limine, to the extent they apply to Plaintiff M.M.'s Complaint, in light of the asserted bankruptcy stay.

**6. Order to Show Cause Regarding Sanctions**. The Court ordered an Order to Show Cause ("OSC") regarding Sanctions Up to a Possible $1,500 against Defendant/Cross-Complainant Hao Zheng for failing to appear at the May 29, 2026 FSC in Department 311.

The Court ordered M.M. counsel to give notice and directed the Judicial Assistant to give notice

TAJIMA LLP
LOS ANGELES

Case No. 24STCV17698                                                3

regarding the OSC re Sanctions. To provide a fuller recounting of the events and rulings at the FSC, M.M. provides this Notice of Rulings at Final Status Conference, Including Motions in Limine.

Dated: June 1, 2026

TAJIMA LLP

Patrick Y. Yoo
Attorneys for Plaintiff and Cross-Defendant
M.M.

## **PROOF OF SERVICE**

I am over the age of 18 and not a party to the within action. My business address is 4605 Lankershim Blvd., Suite 540, Los Angeles, California 91602.

*M.M. v. Hao Zheng, Hollywood and Vine Residences Association*
*Superior Court of California, Los Angeles County*
*LASC Case No. 24STCV17698*

On June 1, 2026, I served the following document(s) described as:

**NOTICE OF RULINGS AT FINAL STATUS CONFERENCE, INCLUDING MOTIONS IN LIMINE**

| | |
|---|---|
| Hao Zheng<br>750 Alma Ln., #8244<br>Foster City, CA 94404<br>1229385257@qq.com<br>(last known email address)<br><br>Hao Zheng<br>c/o Court Clerk for<br>Dept. 311<br>Stanley Mosk Courthouse<br>111 N. Hill Street<br>Los Angeles, CA 90012<br><br><br>Defendant and Cross-Complainant | Zheng "Andy" Liu<br>andy.liu@aptumlaw.us<br>bjliuzheng@gmail.com<br>**Aptum Law**<br>1660 South Amphlett Blvd., Suite 315<br>San Mateo, CA 94402<br><br><br><br><br><br>Potential Attorney for Defendant and Cross-Complainant Hao Zheng |

Document(s) were served in the following manner:

☐     by depositing same in a sealed envelope in a U.S. Postal Service mailbox.

☒     by depositing same in a sealed envelope in a U.S. Postal Service mailbox maintained at the office complex of Tajima LLP. **(Hao Zheng only.)**

☐     by depositing same in a sealed envelope in a U.S. Postal Service mailbox at my residence.

☐     by handing same to a messenger courier service or registered process server for delivery by hand in accordance with the instructions provided to the messenger, courier service or registered process server on that same day.

☒     by emailing same to the addressee(s) listed above pursuant to the Code of Civil Procedure sections 1016.6(e), 1013(g) and/or California Rules of Court, Rule 2.251(c)(3).

☐     by agreement of the parties to accept service by email or electronic transmission, I caused the document(s) to be sent to the persons at the email address listed above through a court-approved electronic service provider, Clio.

☐    by depositing same in a sealed envelope and delivering it to an overnight delivery service with instructions to deliver to the addressee(s) above.

I declare that I am employed in the office of a member of the Bar of the State of California at whose direction this service was made, and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 1, 2026, at Los Angeles, California.

_____
Amy L. Noland

TAJIMA LLP
Los Angeles

Case No. 24STCV17698                                    2

PROOF OF SERVICE