# EXHIBIT B

Chase T. Tajima (SBN 304063)
*chase@trepaniertajima.com*
Patrick Y. Yoo (SBN 302282)
*patrick@trepaniertajima.com*
TRÉPANIER TAJIMA LLP
4605 Lankershim Blvd., Suite 540
Los Angeles, California 91602
Telephone: (323) 487-1101

Attorneys for Plaintiff and Cross-Defendant
M.M.

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**2/26/2026 1:11 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By M. Saxon, Deputy Clerk**

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| M.M., an individual, | Case No. 24STCV17698 |
| Plaintiff, | |
| v. | **NOTICE OF RULING RE PLAINTIFF AND CROSS-DEFENDANT M.M.'S MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED OR IN THE ALTERNATIVE, MOTION TO COMPEL FURTHER RESPONSES, AND FOR SANCTIONS AGAINST COUNSEL** |
| HAO ZHENG, an individual; HOLLYWOOD AND VINE RESIDENCES ASSOCIATION; and DOES 1-30, | |
| Defendants. | |
| HAO ZHENG, | Hearing Date: February 25, 2026 |
| Cross-Complainant, | Hearing Time: 8:30 a.m. Dept.: 19 Judge: Hon. Doreen B. Boxer |
| v. | |
| M.M.; and ROES 1-50, | Complaint filed: July 16, 2024 Cross-Complaint filed: September 18, 2024 Trial Date: June 9, 2026 |
| Cross-Defendants. | |

Case No. 24STCV17698        1
NOTICE OF RULING RE PLAINTIFF AND CROSS-DEFENDANT M.M.'S MOTION TO DEEM REQUESTS FOR
ADMISSION ADMITTED OR IN THE ALTERNATIVE, MOTION TO COMPEL FURTHER RESPONSES, AND FOR
SANCTIONS AGAINST COUNSEL

TRÉPANIER
TAJIMA LLP
LOS ANGELES

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Although the Minute Order/adopted Ruling orders the Clerk to give notice and Plaintiff and Cross-Defendant M.M. was not ordered to give notice, in an abundance of caution, M.M. serves this Notice of Ruling, on all parties, including on Hao Zheng.

**PLEASE TAKE NOTICE** that on February 25, 2026, at 8:30 a.m., in the above-captioned court, Plaintiff and Cross-Defendant M.M.'s Motion to Deem Requests for Admission, Set One, Admitted, or in the alternative, to Compel Further Responses, and for Sanctions Against Counsel in the Amount of $5,000.00, came on for hearing. Patrick Yoo appeared for Plaintiff and Cross-Defendant M.M. Noah Green appeared for himself and his firm, the Green Firm, P.C. Michelle Aravelo appeared on behalf of Defendant Hollywood and Vine Residences Association. Prior to the hearing, the Court issued its tentative ruling. After hearing argument,  the Court adopted the tentative ruling as the Order of the Court, with the following addition to the Ruling: "If further responses, without objections, are not timely served the Requests for Admission are deemed admitted."

A true and correct copy of the Court's minute order is attached hereto as **Exhibit A.**

A true and correct copy of the Court's "Nunc Pro Tunc Order" adding this language to the minute order is attached hereto as **Exhibit B.**

Dated: February 26, 2026

TRÉPANIER TAJIMA LLP

Patrick Y. Yoo
Attorneys for Plaintiff and Cross-Defendant M.M.

NOTICE OF RULING RE PLAINTIFF AND CROSS-DEFENDANT M.M.'S MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED OR IN THE ALTERNATIVE, MOTION TO COMPEL FURTHER RESPONSES, AND FOR SANCTIONS AGAINST COUNSEL

TRÉPANIER
TAJIMA LLP
LOS ANGELES

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 19

**24STCV17698**                                                              February 25, 2026
**M. M. vs HAO ZHENG, et al.**                                                    8:30 AM

Judge: Honorable Doreen B. Boxer                CSR: None
Judicial Assistant: Jose Raul Cruz              ERM: None
Courtroom Assistant: J. Turriaga                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Patrick Yoo for Gregory E. Eisner via TEAMS

For Defendant(s): Noah Green via TEAMS; Natalie Fournier for Jeff Chieh Hsu via TEAMS

Other Appearance Notes: Michelle Arevalo, Counsel for Defendant appearing via TEAMS

**NATURE OF PROCEEDINGS:** Hearing on Ex Parte Application to Shorten Time for Motion to Deem RFA's Admitted

The Court's tentative ruling is posted on the Court website for parties to review.

The case is called for hearing.

The Hearing on Motion to Deem Request for Admissions Admitted is held and argued.

After argument, the Court rules as follows:

The Court adopts the Tentative Ruling as the Final Order of the Court.

**RULING:**

The Motion is granted only as to compelling further responses, and is otherwise denied.

On or before March 27, 2026, Defendant and Cross-Complainant HAO ZHENG shall serve further responses, without objections, and in full compliance with the California Discovery Act (Code Civ. Proc. § 2016.010 et seq.), as to the Requests for Admissions served by Plaintiff and Cross-Defendant M.M.

ANALYSIS:

By the Motion to Deem Admitted, filed January 14, 2026, Plaintiff seeks an Order deeming admitted Requests for Admission due to ineffectively unverified responses, or compelling further responses from Defendant and Cross-Complainant HAO ZHENG, and imposing $5,000.00 in sanctions against Defendant's former counsel, who has been relieved as attorney of record.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 19

**24STCV17698**                                                        February 25, 2026
**M. M. vs HAO ZHENG, et al.**                                                 8:30 AM

Judge: Honorable Doreen B. Boxer          CSR: None
Judicial Assistant: Jose Raul Cruz         ERM: None
Courtroom Assistant: J. Turriaga           Deputy Sheriff: None

---

Defense counsel THE GREEN FIRM, P.C. opposes sanctions against it, and counters with a request for monetary sanctions against Plaintiff's counsel, mainly emphasizing a breakdown in the attorney-client relationship precluding any improved discovery responses and the Order allowing attorney withdrawal.

Where respondents timely responded to requests for admissions, requesting parties may move to compel further answers based upon a showing of some deficiency. (*Wimberly v. Derby Cycle Corp.* (1997) 56 Cal.App.4th 618, 636; Code Civ. Proc., § 2033.290.) A motion to deem admitted requests for admissions lies based upon a showing of failure to respond timely. (Code Civ. Proc., § 2033.280, subd. (b); *Demyer v. Costa Mesa Mobile Home Estates* (1995) 36 Cal.App.4th 393, 395, disapproved on other grounds by *Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 983.) Requests for admissions must be deemed admitted where no responses in substantial compliance were served before the hearing. (Code Civ. Proc., § 2033.280, subd. (c).)

"[A] motion to have admission requests deemed admitted may not be granted where the record establishes ... that (1) proposed responses to the requests have been served prior to the hearing on the motion and (2) such responses are in substantial compliance with the provisions of section 2033, subdivision (f)(1)." (*Tobin v. Oris* (1992) 3 Cal.App.4th 814, 828, overruled on other grounds by *Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 983, fn.12.) Courts evaluate tardy responses to requests for admissions, in toto, to determine whether they substantially comply with the code, and do not evaluate each individual response. (*St. Mary v. Superior Court* (2013) 223 Cal.App.4th 762, 779-780.)

Some common discovery objections may be valid as to Requests for Admissions. (See Cal. Judges Benchbook Civ. Proc. Discovery § 5.5 [available on Westlaw].) Even waived objections to requests for admission do not necessarily prevent findings of substantial compliance as required by Code of Civil Procedure section 2033.280, subdivision (c), since the determination should prioritize the substantive nature of the responses. (*Katayama v. Cont'l Inv. Grp.* (2024) 105 Cal.App.5th 898, 909.)

Where there are mixed objections and answers, an unverified response is valid as to the numbers containing objections. (*Food 4 Less Supermarkets, Inc. v. Superior Court* (1995) 40 Cal.App.4th 651, 658.) Unverified objections are effective responses. (*Blue Ridge Ins. Co. v. Superior Court* (1988) 202 Cal.App.3d 339, 344.) An unverified discovery response is treated as no response. (*Steele v. Totah* (1986) 180 Cal.App.3d 545, 549; *Appleton v. Superior Court* (1988) 206 Cal.App.3d 632, 636-637.) "The party to whom the interrogatories are directed shall sign the response under oath unless the response contains only objections." (Code Civ. Proc., § 2030.250,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 19

**24STCV17698**                                                                      February 25, 2026
**M. M. vs HAO ZHENG, et al.**                                                                  8:30 AM

Judge: Honorable Doreen B. Boxer                    CSR: None
Judicial Assistant: Jose Raul Cruz                    ERM: None
Courtroom Assistant: J. Turriaga                    Deputy Sheriff: None

---

subd. (a). Accord, *Blue Ridge Ins. Co. v. Superior Court* (1988) 202 Cal.App.3d 339, 344.)

"Under Code of Civil Procedure section 2033.280, it is mandatory that the court impose a monetary sanction on the party or attorney whose failure to serve a timely response to a request for admission necessitates a motion to compel responses…." (*Stover v. Bruntz* (2017) 12 Cal.App.5th 19, 31–32. Accord *Appleton v. Superior Court* (1988) 206 Cal.App.3d 632, 635.) As to a motion to deem matters admitted, moving parties are entitled to sanctions which are statutorily mandated as to a party or attorney whose failure to serve timely responses necessitated the motion. (*Appleton v. Superior Court* (1988) 206 Cal.App.3d 632, 635; Code Civ. Proc., § 2033.280, subdiv. (c).)

Monetary discovery sanctions are mandatory as to parties losing discovery motions unless courts find substantial justification or other injustice. (*Deck v. Devs. Inv. Co*. (2023) 89 Cal.App.5th 808, 830.) "'[T]he phrase "substantial justification" has been understood to mean that a justification is clearly reasonable because it is well grounded in both law and fact.'" (*Kwan Software Engineering, Inc. v. Hennings* (2020) 58 Cal.App.5th 57, 75.) "If the party seeking a monetary sanction meets its burden of proof, the burden shifts to the opposing party attempting to avoid a monetary sanction to show that it acted with 'substantial justification.'" (*Doe v. U.S. Swimming, Inc*. (2011) 200 Cal.App.4th 1424, 1435.)
Here, the Court finds that the unverified discovery objections were effective, such that a Motion to Deem Admitted is inapplicable to the Responses served timely. (Patrick Y. Yoo Declaration, Exhibit B.)

However, there is no Opposition addressing the burden to justify the discovery objections, where withdrawn counsel addresses sanctions.

Therefore, the Court grants the alternative request to compel further responses to the Requests for Admissions.

Finally, the Court denies the respective requests for monetary sanctions, it finding substantial justification for (1) moving to compel further responses without objections, and (2) for opposing monetary sanctions under the circumstances of being counsel previously relieved from representation and previously representing as well has possible under difficult circumstances of a missing and uncooperative client.

The Clerk shall give notice.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 19

**24STCV17698**                                                            February 25, 2026
**M. M. vs HAO ZHENG, et al.**                                                8:30 AM

Judge: Honorable Doreen B. Boxer              CSR: None
Judicial Assistant: Jose Raul Cruz             ERM: None
Courtroom Assistant: J. Turriaga               Deputy Sheriff: None

Certificate of Mailing is attached.

---

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street,  Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/25/2026**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Cruz _____ Deputy |
| PLAINTIFF/PETITIONER:<br>M. M. | |
| DEFENDANT/RESPONDENT:<br>Hao Zheng, et al. | |

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV17698 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Hearing on Ex Parte Application to Shorten Time for Motion to...) of 02/25/2026  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Gregory E. Eisner
Trepanier Tajima LLP
4605 Lankershim Blvd,
Suite 540
North Hollywood, CA 91602

Noah Green
The Green Firm, P.C.
301 E. Colorado Blvd.
Suite 708
Pasadena, CA 91101

Jeff Chieh Hsu
Murphy, Pearson, Bradley & Feeney
550 S Hope St,
Ste 2170
Los Angeles, CA 90071

Chase Tomonari Tajima
Trepanier Tajima LLP
4605 Lankershim Blvd
Ste 540
N Hollywood, CA 91602

David W. Slayton, Executive Officer / Clerk of Court

Dated: 02/25/2026

By: ___ J. Cruz _____
Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 19

**24STCV17698**                                                          February 25, 2026
**M. M. vs HAO ZHENG, et al.**                                                  2:42 PM

Judge: Honorable Doreen B. Boxer              CSR: None
Judicial Assistant: Jose Raul Cruz            ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Nunc Pro Tunc Order

It appearing to the Court that through inadvertence and/or clerical error, the minute order of
02/25/2026 in the above-entitled action does not properly reflect the Court's order. At the
direction of the Judicial Officer, said minute order is corrected nunc pro tunc as of 02/25/2026,
as follows:

By adding: On or before March 27, 2026, Defendant and Cross-Complainant HAO ZHENG shall
serve further responses, without objections, and in full compliance with the California Discovery
Act (Code Civ. Proc. § 2016.010 et seq.), as to the Requests for Admissions served by Plaintiff
and Cross-Defendant M.M. If further responses, without objections, are not timely served the
Requests for Admissions are deemed admitted.

The Clerk shall give notice.

Certificate of Mailing is attached.

---

                                Minute Order                                Page 1 of 1

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street,  Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/25/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Cruz _____ Deputy |
| PLAINTIFF/PETITIONER:<br>M. M. | |
| DEFENDANT/RESPONDENT:<br>Hao Zheng, et al. | |

| | |
|---|---|
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV17698 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Nunc Pro Tunc Order) of 02/25/2026  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Gregory E. Eisner
Trepanier Tajima LLP
4605 Lankershim Blvd,
Suite 540
North Hollywood, CA 91602

Noah Green
The Green Firm, P.C.
301 E. Colorado Blvd.
Suite 708
Pasadena, CA 91101

Jeff Chieh Hsu
Murphy, Pearson, Bradley & Feeney
550 S Hope St,
Ste 2170
Los Angeles, CA 90071

Chase Tomonari Tajima
Trepanier Tajima LLP
4605 Lankershim Blvd
Ste 540
N Hollywood, CA 91602

David W. Slayton, Executive Officer / Clerk of Court

Dated: 02/25/2026

By: ___ J. Cruz _____
Deputy Clerk

**CERTIFICATE OF MAILING**

## PROOF OF SERVICE

I am over the age of 18 and not a party to the within action. My business address is 4605 Lankershim Blvd., Suite 540, Los Angeles, California 91602.

*M.M. v. Hao Zheng, Hollywood and Vine Residences Association*
*Superior Court of California, Los Angeles County*

On February 26, 2026, I served the following document (s) described as:

**NOTICE OF RULING RE PLAINTIFF AND CROSS-DEFENDANT M.M.'S MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED OR IN THE ALTERNATIVE, MOTION TO COMPEL FURTHER RESPONSES, AND FOR SANCTIONS AGAINST COUNSEL.**

By serving a true copy of the above-described document(s) to:

| | | |
|---|---|---|
| Noah Green<br>Andrew Maurer<br>**The Green Firm, P.C.**<br>301 E. Colorado Blvd.,<br>Suite 708<br>Pasadena, CA 91101<br>626-395-7686<br>andrew@gspattorneys.com<br>noah@gspattorneys.com<br>Dana Johnson - Paralegal<br>dana@gspattorneys.com<br>Marshall Amaya - Paralegal<br>marshall@gspattorneys.com<br>Carol Lo – Paralegal<br>clo@gspattorneys.com | Jeff C. Hsu, Esq.<br>Natalie Z. Fournier, Esq.<br>**Murphy, Pearson, Bradley**<br>**& Feeney, P.C.**<br>550 S. Hope St, Suite 2170<br>Los Angeles, CA 90071<br>213-327-3500<br>JHsu@MPBF.com<br>nfournier@mpbf.com<br>Deannea Jefferson-Legal Assistant for<br>Natalie Z. Fournier<br>djefferson@mpbf.com<br>Brenda Renner-Legal Assistant for<br>Jeff C. Hsu<br>brenner@mpbf.com | Kim Schumann<br>Michelle L. Arevalo<br>**Schumann Arevalo LLP**<br>30 Corporate Park, Suite 100<br>Irvine, CA 92606<br>714-850-0210<br>schumann@scarlaw.us<br>ml.arevalo@scarlaw.us<br>Rachel DeSantis-Legal Assistant<br>desantis@scarlaw.us |
| Former Attorney for Defendant<br>HAO ZHENG | Attorneys for Defendant<br>HOLLYWOOD<br>AND VINE RESIDENCES ASSN | Attorneys for Defendant<br>HOLLYWOOD<br>AND VINE RESIDENCES ASSN |
| Hao Zheng<br>6250 Hollywood Blvd, Unit 4K<br>Los Angeles CA 90028<br>(last known address per CCP<br>1013(a) and Rule 3.1362 of<br>Court)<br>1229385257@qq.com<br>(last known email address)<br><br>Hao Zheng<br>c/o Court Clerk for Dept. 19<br>Stanley Mosk Courthouse<br>111 N. Hill Street | | |

TRÉPANIER
TAJIMA LLP
Los Angeles

Case No. 24STCV17698

1

PROOF OF SERVICE

Los Angeles, CA 90012

Document(s) were served in the following manner:

☐    by depositing same in a sealed envelope in a U.S. Postal Service mailbox.

☒    by depositing same in a sealed envelope in a U.S. Postal Service mailbox maintained at the office complex of Trépanier Tajima LLP.  **(Hao Zheng only on last known address and Court clerk)**

☐    by depositing same in a sealed envelope in a U.S. Postal Service mailbox at my residence.

☐    by handing same to a messenger courier service or registered process server for delivery by hand in accordance with the instructions provided to the messenger, courier service or registered process server on that same day.

☒    by emailing same to the addressee(s) listed above pursuant to the Code of Civil Procedure sections 1016.6(e), 1013(g) and/or California Rules of Court, Rule 2.251(c)(3).

☐    by depositing same in a sealed envelope and delivering it to an overnight delivery service with instructions to deliver to the addressee(s) above.

I declare that I am employed in the office of a member of the Bar of the State of California at whose direction this service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 26, 2026, at Los Angeles, California.

_____
Rosy Barboza

TRÉPANIER
TAJIMA LLP
Los Angeles

Case No. 24STCV17698

2

PROOF OF SERVICE