# EXHIBIT A

## United States Bankruptcy Court
## Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

---

**Tuesday, June 16, 2026**                                                    **Hearing Room      1545**

---

<u>10:00 AM</u>
**2:26-15344     Hao Zheng**                                                          **Chapter 7**

   **#1.00**     Hrg re: Motion for Relief from Automatic Stay [NA]

             MATTHEW MIMIAGA
             vs
             DEBTOR

                         Docket        18

   **Tentative Ruling:**

        Subject to any opposition at or before the hearing, the tentative ruling is to
        grant the motion as set forth below.
                    <u>Proposed order(s)</u>: Unless otherwise ordered, Movant is directed to
                    lodge proposed order(s) on the matter(s) addressed here via LOU
                    within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and
                    attach a copy of this tentative ruling, thereby incorporating it as this
                    Court's actual ruling.

        <u>Appearances required</u>.

        If you are making an appearance, you may do so (1) in person in the
        courtroom, unless the Court has been closed (check the Court's website for
        public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For
        ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the
        posted Tentative Rulings.

        <u>Key documents reviewed</u>: Motion (dkt. 18 and 19), Tajima declaration (dkt.
        20); Order shortening time (dkt. 24); notice and proof of service (dkt. 26, 27)
        (no opposition on file as of the preparation of this tentative ruling)

        (1) <u>Limited relief</u>.  Modify and condition the automatic stay under 11 U.S.C.
        362(d)(1) such that the movant may proceed in the nonbankruptcy forum to
        final judgment (including any appeals) in accordance with applicable
        nonbankruptcy law, subject to the following limitations (Judge Bason's
        standard limitations).

---

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, June 16, 2026**                                                                 **Hearing Room    1545**

10:00 AM
**CONT...        Hao Zheng**                                                                                   **Chapter 7**

        (a) No enforcement against property of the bankruptcy estate. The stay remains in effect with respect to enforcement of any judgment against property of the debtor's bankruptcy estate - any such property shall be distributed when and how provided by the Bankruptcy Code.  Nevertheless, the movant is permitted to enforce its final judgment by (i) collecting upon any available insurance in accordance with applicable nonbankruptcy law or (ii) proceeding against the debtor as to any property that is not property of this bankruptcy estate.  *See, e.g.,* 11 U.S.C. 362(b)(2)(B) & 541(b)(7) (collection of domestic support obligations from ERISA qualified retirement plans).

        (b) Claim allowance, priority, and discharge issues.  Any claims arising from the nonbankruptcy litigation are subject to this Bankruptcy Court's jurisdiction regarding claim allowance and priority, and the existence and scope of any bankruptcy discharge.

        (c) No relief in *other* bankruptcy cases.  To the extent, if any, that the motion seeks to terminate the automatic stay in *other* past or pending bankruptcy cases, such relief is denied on the present record.  *See In re Ervin* (Case No. 14-bk-18204-NB, docket no. 311).

(2) Additional analysis:
        The Bankruptcy Court "shall grant relief from the stay" upon a showing of "cause."  11 U.S.C. 362(d)(1).  Such relief need not take the form of a complete termination of the automatic stay, but instead may include "modifying or conditioning such stay."  *Id.*
        "'Cause' is determined on a case-by-case basis."  *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990).  In determining whether "cause" exists to grant relief from the automatic stay to allow a movant to pursue litigation in a non-bankruptcy forum, courts in the Ninth Circuit have examined the factors set forth in *In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984).  *See In re Merriman,* 616 B.R. 381, 389 & n. 5 (9th Cir. BAP 2020); *In re Kronemeyer*, 405 B.R. 915 (9th Cir. BAP 2009); *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 559–60 (Bankr. C.D. Cal.2004).  Those factors are: (1) Whether the relief will result in a partial or complete resolution of the issues; (2) The lack of any connection with or interference with the bankruptcy case; (3) Whether the foreign proceeding involves the debtor as a fiduciary; (4) Whether a specialized tribunal has been established to hear the

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Tuesday, June 16, 2026**                                                              **Hearing Room        1545**

---

10:00 AM
**CONT...        Hao Zheng**                                                              **Chapter 7**

particular cause of action and whether that tribunal has the expertise to hear such cases; (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) The interests of judicial economy and the expeditious and economical determination of litigation for the parties; (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and (12) The impact of the stay on the parties and the "balance of hurt." *Plumberex*, 311 B.R. at 559. "[W]hile the *Curtis* factors are widely used to determine the existence of 'cause,' not all of the factors are relevant in every case, nor is a court required to give each factor equal weight." *In re Landmark Fence Co., Inc.*, 2011 WL 6826253 at *4 (C.D. Cal. Dec. 9, 2011). *Accord Merriman,* 616 B.R. 381, 389. See also, e.g., *In re Conejo Enters., Inc.,* 96 F.3d 346, 353 (9th Cir. 1996) (discretion to deny stay relief even when faced with non-core state claims).

          Based on the present record, the tentative ruling is that cause exists and these factors weigh in favor of granting relief as set forth above. Most significantly: (1) Movant filed the nonbankruptcy action in 2024, almost two years ago; (2) the lack of any connection or intereference with the bankruptcy case (factor two); the claims at issue arise entirely under state law (factor four); (3) other creditors will not be prejudiced by the litigation (factor seven); (4) the interests of judicial economy and the expeditious and economical determination of litigation for the parties favors the relief franting here (factor ten); (5) the foreign proceedings have progressed to the point where the parties and the state court are prepared for trial (factor eleven); and (6) the impact of the stay on the parties and the "balance of hurt" favors such relief (factor twelve).

Effective date of relief
          Grant the request to waive the 14-day stay provided by Rule 4001(a)(4) (Fed. R. Bankr. P.).

---

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, June 16, 2026**                                   **Hearing Room    1545**

10:00 AM

**CONT...      Hao Zheng**                                              **Chapter 7**

Co-debtor stay

Any co-debtor stay (11 U.S.C. 1301(c)) has not been shown to have any basis for any different treatment from the stay under 11 U.S.C. 362(a), so the tentative ruling is to grant the identical relief regarding any co-debtor stay.

| Party Information |
|---|

**Debtor(s):**

Hao  Zheng                              Represented By
                                        Zheng  Liu

**Trustee(s):**

Sam S Leslie (TR)                       Pro Se

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Tuesday, June 16, 2026**                                              **Hearing Room    1545**

---

<u>10:00 AM</u>
**2:26-15344    Hao Zheng**                                                            **Chapter 7**
Adv#: 2:26-01138        M.M. v. HAO

   **#2.00**    Hrg re: M.M.'s Motion to Remand Removed State Court
                  Action to Los Angeles County Superior Court

                                  Docket        2

**Tentative Ruling:**

   Subject to any opposition at or before the hearing, the tentative ruling is to
   grant the motion and remand this matter to the State Court.

         <u>Proposed order(s)</u>: Unless otherwise ordered, Movant is directed to
         lodge proposed order(s) on the matter(s) addressed here via LOU
         within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and
         attach a copy of this tentative ruling, thereby incorporating it as this
         Court's actual ruling.

   <u>Appearances required</u>.

   If you are making an appearance, you may do so (1) in person in the
   courtroom, unless the Court has been closed (check the Court's website for
   public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For
   ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the
   posted Tentative Rulings.

   <u>Key documents reviewed</u>: Motion (adv. dkt. 2), Notice of removal (adv. dkt. 1);
   Order shortening time (adv. dkt. 7); Notice and proof of service (adv. dkt. 6, 7)
   (no opposition on file as of the preparation of this tentative ruling)

   (1) <u>Equitable remand</u>
         The tentative ruling is to remand pursuant to 28 U.S.C. § 1452(b).

         Under 28 U.S.C. § 1452(b), this Court may remand an action related to
   a bankruptcy case "on any equitable ground."  "Courts generally consider up
   to fourteen factors in deciding whether to remand a case to state court." *In re
   Enron Corp.*, 296 B.R. 505, 508 (C.D. Cal. 2003); *see also id.* at n. 2 (listing

---

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, June 16, 2026**                                            **Hearing Room    1545**

10:00 AM
**CONT...    Hao Zheng**                                                                 **Chapter 7**

the fourteen factors).  Here, multiple factors support remand: (1) remand will
have no effect upon the administration of the estate (factor one); (2) the
complaint's and cross-complaint's causes of action all arise under state law
(factor two); and (3) the possibility of prejudice to Movant given that the state
court was prepared to proceed with trial when this action was removed (factor
fourteen).

(2) Mandatory abstention
        The tentative ruling is that mandatory abstention does not apply.
        Mandatory abstention under 28 U.S.C. 1334(c)(2) requires seven
elements:

        (1) a timely motion; (2) a purely state law question; (3) a non-core
        proceeding  under 28 U.S.C. 157(c)(1); (4) *a lack of independent
        federal jurisdiction* absent the petition under Title 11; (5) that an action
        is commenced in a state court; (6) the state court action may be timely
        adjudicated; (7) a state forum of appropriate jurisdiction exists.

*In re Gen. Carriers Corp.*, 258 B.R. 181, 189 (9th Cir. BAP 2001) (internal
quotation omitted, emphasis added).
        Here, the fourth element (whether any independent federal jurisdiction
exists absent the bankrutpcy petition) is not satisfied.  Under 28 U.S.C.
1332(a), diversity jurisdiction exists because the amount in controversy
exceeds $75,000 (*see* adv. dkt. 1, Ex. C, cross complaint at pdf p. 59:21,
requesting $200,000 in damages) and the Debtor/Defendant's allegation that
he is a citizen of China (*see* adv. dkt. 1, at pdf p. 2:18) is uncontested.
Movant's argument regarding a lack of diversity jurisdiction because Debtor
failed to comply with 28 U.S.C. 1446(b)'s 30-day requirement (*see* Motion,
dkt. 2 at pdf p. 20:8-24) is not persuasive because 28 U.S.C. 1446(b) is not
jurisdictional.  *See Enbridge Energy, LP v. Nessel on behalf of Michigan*, 608
U.S. ---,146 S. Ct. 1074, 1081 (2026).

(3) Discretionary abstention
        Alternatively, and in addition, the tentative ruling is that discretionary
abstention is appropriate.
        Discretionary abstention under 28 U.S.C. 1334(c)(1) requires
consideration of the following twelve factors:

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, June 16, 2026**                                    **Hearing Room**    **1545**

<u>10:00 AM</u>
**CONT...**      **Hao Zheng**                                                    **Chapter 7**

(1) the effect of lack thereof on the efficient administration of the estate
if a Court recommends abstention, (2) the extent to which state law
issues predominate over bankruptcy issues, (3) the difficulty or
unsettled nature of the applicable law, (4) the presence of a related
proceeding commenced in state court or other nonbankruptcy court,
(5) the jurisdictional basis, if any, other than 28 U.S.C. 1334, (6) the
degree of relatedness or remoteness of the proceeding to the main
bankruptcy case, (7) the substance rather than form of an asserted
"core" proceeding, (8) the feasibility of severing state law claims from
core bankruptcy matters to allow judgments to be entered in state court
with enforcement left to the bankruptcy court, (9) the burden of the
bankruptcy court's docket, (10) the likelihood that the commencement
of the proceeding in bankruptcy court involves forum shopping by one
of the parties, (11) the existence of a right to a jury trial, and (12) the
presence in the proceeding of nondebtor parties.

*In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990).
        Several of the *Tucson* factors strongly weigh in favor of abstention.
First, the state court action involves purely state-law issues.  Second,
permitting the matter to proceed in state court will contribute to the efficient
administration of the bankruptcy case because the state court is the best
tribunal to adjudicate the parties' state law claims.  Third, the state court
action is not closely related to the main bankruptcy case such that permitting
the state court to adjudicate the parties' claims will not unduly interfere with
this Court's determination of other matters in the bankruptcy case.  Fourth,
there is a possibility of prejudice to Movant given that the state court was
prepared to proceed with trial when this action was removed.

(4) <u>No stay</u>
        The tentative ruling is to waive any stay that might otherwise apply,
and to make the remand effective immediately.

| Party Information |
|---|

**<u>Debtor(s):</u>**

   Hao  Zheng                         Represented By
                                      Zheng  Liu

## United States Bankruptcy Court
## Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, June 16, 2026**                                                    **Hearing Room    1545**

10:00 AM

**CONT...    Hao Zheng**                                                              **Chapter 7**

   **Defendant(s):**

    ZHENG  HAO                                Pro Se

   **Plaintiff(s):**

    M.M.                                Represented By
                            Zheng  Liu
                            Chase  Tajima

   **Trustee(s):**

    Sam S Leslie (TR)                                Pro Se

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, June 16, 2026**                                                    **Hearing Room    1545**

<u>11:00 AM</u>
**2:25-12278    Justin Thomas Jackson**                                        **Chapter 13**
Adv#: 2:25-01217       Walker v. Jackson

   **#1.00**     Hrg re: Discovery Conference

                              Docket       23
            **\*\*\* VACATED \*\*\*     REASON: This matter is scheduled to be heard on
06/23/26 at 11:00 am**

   **Tentative Ruling:**

      - NONE LISTED -

| Party Information |
| --- |

**<u>Debtor(s):</u>**

   Justin Thomas Jackson                    Represented By
                                              Robert J Spitz

**<u>Defendant(s):</u>**

   Justin Thomas Jackson                    Represented By
                                              Robert J Spitz

**<u>Plaintiff(s):</u>**

   Jennifer  Walker                         Represented By
                                              Daniel  Medioni
                                              Stella A Havkin

**<u>Trustee(s):</u>**

   Kathy A Dockery (TR)                     Pro Se