United States Bankruptcy Court

Central District of California

In re:                                                                                                Case No. 26-15344-NB

Hao Zheng                                                                                    Chapter 7

    Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Jun 17, 2026 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol     Definition**

\+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 19, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Hao Zheng, 750 Alma Ln #8244, Foster City, CA 94404-3290 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 19, 2026              Signature:         /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 17, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Chase Tajima | on behalf of Creditor Matthew Mimiaga chase@tajimallp.com |
| Chase Tajima | on behalf of Attorney Chase T. Tajima chase@tajimallp.com |
| Chase Tajima | on behalf of Plaintiff M.M. chase@tajimallp.com |
| Sam S Leslie (TR) | sleslie@trusteeleslie.com  trustee@trusteeleslie.com;C195@ecfcbis.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| Zheng Liu | on behalf of Debtor Hao Zheng Andy.Liu@AptumLaw.us 4662851420@filings.docketbird.com,bjliuzheng@recap.email,hkoscarlam@gmail.com |

District/off: 0973-2                    User: admin                                    Page 2 of 2

Date Rcvd: Jun 17, 2026                 Form ID: pdf042                                 Total Noticed: 1

Zheng Liu
                        on behalf of Plaintiff M.M. Andy.Liu@AptumLaw.us
                        4662851420@filings.docketbird.com,bjliuzheng@recap.email,hkoscarlam@gmail.com


TOTAL: 7

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

Chase T. Tajima (SBN 304063)
chase@tajimallp.com
Patrick Y. Yoo (SBN 302282)
patrick@tajimallp.com
Tajima LLP
4605 Lankershim Blvd., Suite 540
Los Angeles, CA 91602

☐ *Movant appearing without an attorney*
☒ *Attorney for Movant M.M. (also known as Matthew Mimiaga*

FOR COURT USE ONLY

**FILED & ENTERED**

**JUN 17 2026**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi   DEPUTY CLERK

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

In re:

Hao Zheng

CASE NO.: 2:26-bk-15344-NB

CHAPTER: 7

**ORDER GRANTING MOTION FOR
RELIEF FROM THE AUTOMATIC STAY
UNDER 11 U.S.C. § 362**
**(Action in Nonbankruptcy Forum)**

DATE: June 16, 2026
TIME: 10:00 a.m.
COURTROOM: 1545
PLACE: 255 East Temple Street
            Los Angeles, CA 90012

Debtor(s).

**MOVANT:** Matthew Mimiaga

1. The Motion was:   ☒ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

   Name of Nonbankruptcy Action: M.M. v. Hao Zheng, et al.

   Docket number: 24STCV17698

   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending: Los Angeles County Superior Court

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 1                    **F 4001-1.RFS.NONBK.ORDER**

3. The Motion is granted under 11 U.S.C. § 362(d)(1).

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☒ Modified or conditioned as set forth in Exhibit _____ to the Motion.

   c. ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:**  Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law.  Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

   a. ☒ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

   b. ☒ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☒ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒ Other (*specify*):

   ~~Pursuant to the Court's tentative ruling adopted at the hearing,~~ This written order memorializes and supplements this Court's ~~the~~ tentative ruling posted prior to the hearing and attached to this Order as **Exhibit A** ~~is (~~incorporated herein as permitted by Rule 52(a) (Fed. R. Civ. P.), made applicable by Rules 7052 and 9014(c) (Fed. R. Bankr. P.)), which became this ~~as the~~ Court's adopted, actual ruling at the conclusion of the hearing.

### 

Date: June 17, 2026

Neil W. Bason
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*　　　　　Page 2　　　　　**F 4001-1.RFS.NONBK.ORDER**

# EXHIBIT A

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Tuesday, June 16, 2026**                                              **Hearing Room    1545**

---

<u>10:00 AM</u>
**2:26-15344    Hao Zheng**                                                          **Chapter 7**

  **#1.00**    Hrg re: Motion for Relief from Automatic Stay [NA]

         MATTHEW MIMIAGA
         vs
         DEBTOR

                              Docket       18

**Tentative Ruling:**

   Subject to any opposition at or before the hearing, the tentative ruling is to
   grant the motion as set forth below.
              <u>Proposed order(s)</u>: Unless otherwise ordered, Movant is directed to
              lodge proposed order(s) on the matter(s) addressed here via LOU
              within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and
              attach a copy of this tentative ruling, thereby incorporating it as this
              Court's actual ruling.

   <u>Appearances required</u>.

   If you are making an appearance, you may do so (1) in person in the
   courtroom, unless the Court has been closed (check the Court's website for
   public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For
   ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the
   posted Tentative Rulings.

   <u>Key documents reviewed</u>: Motion (dkt. 18 and 19), Tajima declaration (dkt.
   20); Order shortening time (dkt. 24); notice and proof of service (dkt. 26, 27)
   (no opposition on file as of the preparation of this tentative ruling)

   (1) <u>Limited relief</u>.  Modify and condition the automatic stay under 11 U.S.C.
   362(d)(1) such that the movant may proceed in the nonbankruptcy forum to
   final judgment (including any appeals) in accordance with applicable
   nonbankruptcy law, subject to the following limitations (Judge Bason's
   standard limitations).

---

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

Tuesday, June 16, 2026                                                                 Hearing Room    1545

---

<u>10:00 AM</u>
**CONT...    Hao Zheng**                                                                                     **Chapter 7**

(a) <u>No enforcement against property of the bankruptcy estate</u>. The stay remains in effect with respect to enforcement of any judgment against property of the debtor's bankruptcy estate - any such property shall be distributed when and how provided by the Bankruptcy Code.  Nevertheless, the movant is permitted to enforce its final judgment by (i) collecting upon any available insurance in accordance with applicable nonbankruptcy law or (ii) proceeding against the debtor as to any property that is <u>not</u> property of this bankruptcy estate.  *See, e.g.,* 11 U.S.C. 362(b)(2)(B) & 541(b)(7) (collection of domestic support obligations from ERISA qualified retirement plans).

(b) <u>Claim allowance, priority, and discharge issues</u>.  Any claims arising from the nonbankruptcy litigation are subject to this Bankruptcy Court's jurisdiction regarding claim allowance and priority, and the existence and scope of any bankruptcy discharge.

(c) <u>No relief in *other* bankruptcy cases</u>.  To the extent, if any, that the motion seeks to terminate the automatic stay in *other* past or pending bankruptcy cases, such relief is denied on the present record.  *See In re Ervin* (Case No. 14-bk-18204-NB, docket no. 311).

(2) <u>Additional analysis</u>:
The Bankruptcy Court "shall grant relief from the stay" upon a showing of "cause." 11 U.S.C. 362(d)(1).  Such relief need not take the form of a complete termination of the automatic stay, but instead may include "modifying or conditioning such stay." *Id.*
"'Cause' is determined on a case-by-case basis." *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990).  In determining whether "cause" exists to grant relief from the automatic stay to allow a movant to pursue litigation in a non-bankruptcy forum, courts in the Ninth Circuit have examined the factors set forth in *In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984).  *See In re Merriman,* 616 B.R. 381, 389 & n. 5 (9th Cir. BAP 2020); *In re Kronemeyer*, 405 B.R. 915 (9th Cir. BAP 2009); *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 559–60 (Bankr. C.D. Cal.2004).  Those factors are: (1) Whether the relief will result in a partial or complete resolution of the issues; (2) The lack of any connection with or interference with the bankruptcy case; (3) Whether the foreign proceeding involves the debtor as a fiduciary; (4) Whether a specialized tribunal has been established to hear the

---

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, June 16, 2026**                                              **Hearing Room    1545**

<u>10:00 AM</u>
**CONT...      Hao Zheng**                                                             **Chapter 7**

particular cause of action and whether that tribunal has the expertise to hear such cases; (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) The interests of judicial economy and the expeditious and economical determination of litigation for the parties; (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and (12) The impact of the stay on the parties and the "balance of hurt." *Plumberex*, 311 B.R. at 559.  "[W]hile the *Curtis* factors are widely used to determine the existence of 'cause,' not all of the factors are relevant in every case, nor is a court required to give each factor equal weight."  *In re Landmark Fence Co., Inc.*, 2011 WL 6826253 at *4 (C.D. Cal. Dec. 9, 2011). *Accord Merriman,* 616 B.R. 381, 389.  See also, e.g., *In re Conejo Enters., Inc.,* 96 F.3d 346, 353 (9th Cir. 1996) (discretion to deny stay relief even when faced with non-core state claims).

　　　　Based on the present record, the tentative ruling is that cause exists and these factors weigh in favor of granting relief as set forth above.  Most significantly: (1) Movant filed the nonbankruptcy action in 2024, almost two years ago; (2) the lack of any connection or intereference with the bankruptcy case (factor two); the claims at issue arise entirely under state law (factor four); (3) other creditors will not be prejudiced by the litigation (factor seven); (4) the interests of judicial economy and the expeditious and economical determination of litigation for the parties favors the relief franting here (factor ten); (5) the foreign proceedings have progressed to the point where the parties and the state court are prepared for trial (factor eleven); and (6) the impact of the stay on the parties and the "balance of hurt" favors such relief (factor twelve).

<u>Effective date of relief</u>
　　　　Grant the request to waive the 14-day stay provided by Rule 4001(a)(4) (Fed. R. Bankr. P.).

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, June 16, 2026**                                    **Hearing Room    1545**

10:00 AM
**CONT...**      **Hao Zheng**                                               **Chapter 7**
Co-debtor stay
        Any co-debtor stay (11 U.S.C. 1301(c)) has not been shown to have
any basis for any different treatment from the stay under 11 U.S.C. 362(a), so
the tentative ruling is to grant the identical relief regarding any co-debtor stay.

| Party Information |
| --- |

**Debtor(s):**

   Hao  Zheng                              Represented By
                                              Zheng  Liu

**Trustee(s):**

   Sam S Leslie (TR)                        Pro Se

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

---

**Tuesday, June 16, 2026**                                               **Hearing Room   1545**

---

<u>10:00 AM</u>
**2:26-15344   Hao Zheng**                                                           **Chapter 7**
Adv#: 2:26-01138      M.M. v. HAO

   **#2.00**      Hrg re: M.M.'s Motion to Remand Removed State Court
            Action to Los Angeles County Superior Court

                          Docket      2

**Tentative Ruling:**

   Subject to any opposition at or before the hearing, the tentative ruling is to
   grant the motion and remand this matter to the State Court.

            <u>Proposed order(s)</u>: Unless otherwise ordered, Movant is directed to
            lodge proposed order(s) on the matter(s) addressed here via LOU
            within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and
            attach a copy of this tentative ruling, thereby incorporating it as this
            Court's actual ruling.

   <u>Appearances required</u>.

   If you are making an appearance, you may do so (1) in person in the
   courtroom, unless the Court has been closed (check the Court's website for
   public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For
   ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the
   posted Tentative Rulings.

   <u>Key documents reviewed</u>: Motion (adv. dkt. 2), Notice of removal (adv. dkt. 1);
   Order shortening time (adv. dkt. 7); Notice and proof of service (adv. dkt. 6, 7)
   (no opposition on file as of the preparation of this tentative ruling)

   (1) <u>Equitable remand</u>
            The tentative ruling is to remand pursuant to 28 U.S.C. § 1452(b).

            Under 28 U.S.C. § 1452(b), this Court may remand an action related to
   a bankruptcy case "on any equitable ground."  "Courts generally consider up
   to fourteen factors in deciding whether to remand a case to state court."  *In re
   Enron Corp.*, 296 B.R. 505, 508 (C.D. Cal. 2003); *see also id.* at n. 2 (listing

---

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Tuesday, June 16, 2026**                                              **Hearing Room    1545**

---

<u>10:00 AM</u>
**CONT...      Hao Zheng**                                                            **Chapter 7**

the fourteen factors).  Here, multiple factors support remand: (1) remand will
have no effect upon the administration of the estate (factor one); (2) the
complaint's and cross-complaint's causes of action all arise under state law
(factor two); and (3) the possibility of prejudice to Movant given that the state
court was prepared to proceed with trial when this action was removed (factor
fourteen).

(2) <u>Mandatory abstention</u>
          The tentative ruling is that mandatory abstention does not apply.
          Mandatory abstention under 28 U.S.C. 1334(c)(2) requires seven
elements:

          (1) a timely motion; (2) a purely state law question; (3) a non-core
          proceeding  under 28 U.S.C. 157(c)(1); (4) *a lack of independent
          federal jurisdiction* absent the petition under Title 11; (5) that an action
          is commenced in a state court; (6) the state court action may be timely
          adjudicated; (7) a state forum of appropriate jurisdiction exists.

*In re Gen. Carriers Corp.*, 258 B.R. 181, 189 (9th Cir. BAP 2001) (internal
quotation omitted, emphasis added).
          Here, the fourth element (whether any independent federal jurisdiction
exists absent the bankrutpcy petition) is not satisfied.  Under 28 U.S.C.
1332(a), diversity jurisdiction exists because the amount in controversy
exceeds $75,000 (*see* adv. dkt. 1, Ex. C, cross complaint at pdf p. 59:21,
requesting $200,000 in damages) and the Debtor/Defendant's allegation that
he is a citizen of China (*see* adv. dkt. 1, at pdf p. 2:18) is uncontested.
Movant's argument regarding a lack of diversity jurisdiction because Debtor
failed to comply with 28 U.S.C. 1446(b)'s 30-day requirement (*see* Motion,
dkt. 2 at pdf p. 20:8-24) is not persuasive because 28 U.S.C. 1446(b) is not
jurisdictional.  *See Enbridge Energy, LP v. Nessel on behalf of Michigan*, 608
U.S. ---,146 S. Ct. 1074, 1081 (2026).

(3) <u>Discretionary abstention</u>
          Alternatively, and in addition, the tentative ruling is that discretionary
abstention is appropriate.
          Discretionary abstention under 28 U.S.C. 1334(c)(1) requires
consideration of the following twelve factors:

---

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, June 16, 2026**                                                      **Hearing Room    1545**

10:00 AM
**CONT...**    **Hao Zheng**                                                           **Chapter 7**

(1) the effect of lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990).
Several of the *Tucson* factors strongly weigh in favor of abstention. First, the state court action involves purely state-law issues. Second, permitting the matter to proceed in state court will contribute to the efficient administration of the bankruptcy case because the state court is the best tribunal to adjudicate the parties' state law claims. Third, the state court action is not closely related to the main bankruptcy case such that permitting the state court to adjudicate the parties' claims will not unduly interfere with this Court's determination of other matters in the bankruptcy case. Fourth, there is a possibility of prejudice to Movant given that the state court was prepared to proceed with trial when this action was removed.

(4) No stay
The tentative ruling is to waive any stay that might otherwise apply, and to make the remand effective immediately.

| Party Information |
|---|

**Debtor(s):**

Hao  Zheng                                 Represented By
                                            Zheng  Liu

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Tuesday, June 16, 2026**                                          **Hearing Room    1545**

---

<u>10:00 AM</u>
**CONT...      Hao Zheng**                                                              **Chapter 7**
   <u>**Defendant(s):**</u>

    ZHENG  HAO                         Pro Se

   <u>**Plaintiff(s):**</u>

    M.M.                              Represented By
                    Zheng  Liu
                    Chase  Tajima

   <u>**Trustee(s):**</u>

    Sam S Leslie (TR)                 Pro Se

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, June 16, 2026**                                          **Hearing Room    1545**

11:00 AM
**2:25-12278    Justin Thomas Jackson**                                          **Chapter 13**
Adv#: 2:25-01217    Walker v. Jackson

**#1.00**    Hrg re: Discovery Conference

Docket    23
**\*\*\* VACATED \*\*\*    REASON: This matter is scheduled to be heard on 06/23/26 at 11:00 am**

**Tentative Ruling:**

- NONE LISTED -

| Party Information |
|---|

**Debtor(s):**

Justin Thomas Jackson                Represented By
                                     Robert J Spitz

**Defendant(s):**

Justin Thomas Jackson                Represented By
                                     Robert J Spitz

**Plaintiff(s):**

Jennifer  Walker                     Represented By
                                     Daniel  Medioni
                                     Stella A Havkin

**Trustee(s):**

Kathy A Dockery (TR)                 Pro Se